## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 1:21-cr**-41-JL-01/06 |
| **Ian Freeman (formerly Ian Bernard)** | ) | |
| **Colleen Fordham** | ) | |
| **Renee Spinella (formerly Renee LeBlanc)** | ) | |
| **Andrew Spinella** | ) | |
| **Nobody (formerly Richard Paul)** | ) | |
| **Aria DiMezzo (formerly James Baker)** | ) | |

## <u>INDICTMENT</u>

The Grand Jury charges:

1.      From at least on or about 2016 to the present, IAN FREEMAN, COLLEEN
FORDHAM, RENEE SPINELLA, ANDREW SPINELLA, NOBODY, ARIA DIMEZZO, and
others have operated a business that enabled customers to exchange fiat currency for virtual
currency, charging a fee for their service. In total, between approximately May 25, 2016, and
March 15, 2021, the defendants exchanged in excess of $10,000,000 for virtual currency on
behalf of customers throughout the United States including in the District of New Hampshire.

2.      At all times relevant to this Indictment, the defendants knowingly operated the
virtual currency exchange business in violation of federal anti-money laundering laws and
regulations, including those requiring money transmitting businesses to meet registration and
reporting requirements set forth in Title 18, United States Code, Section 1960, and in regulations
promulgated by the United States Department of the Treasury.

3.      In furtherance of the unlawful scheme, IAN FREEMAN, COLLEEN
FORDHAM, RENEE SPINELLA, ANDREW SPINELLA, NOBODY, ARIA DIMEZZO, and
co-conspirators opened bank accounts at U.S. financial institutions, including in branches located

in the District of New Hampshire, either as personal accounts, or in the names of purported religious entities including but not limited to: the Shire Free Church, the Crypto Church of NH, the Church of the Invisible Hand, and the Reformed Satanic Church. The co-conspirators engaged in substantial efforts to evade detection of their unlawful virtual currency exchange scheme by avoiding answering financial institutions' questions about the nature of the business and tricking financial institutions into believing that their unlawful virtual currency exchange business was instead a religious organization receiving charitable contributions.

4.      IAN FREEMAN, RENEE SPINELLA, COLLEEN FORDHAM, and other co-conspirators knowingly and falsely represented to these financial institutions that the accounts were used to receive church donations and conduct church outreach when in truth and in fact, the accounts were opened to function, and did in fact function, as operating accounts for their unlawful virtual currency exchange business. In furtherance of their unlawful scheme, IAN FREEMAN and others knowingly instructed virtual currency customers to lie to financial institutions about the virtual currency transactions that customers were executing. Specifically, they instructed customers to conceal from financial institutions the fact that the customers were purchasing virtual currency, and in certain cases, to state falsely that payments were church donations or for the purpose of purchasing rare coins.

5.      IAN FREEMAN and others operated their unlawful virtual currency exchange business through two primary means. First, they advertised virtual currency for sale online through websites including LocalBitcoins.com. Second, they operated virtual currency automated teller machines, or kiosks, located in the District of New Hampshire.

6.      As part of the unlawful scheme, IAN FREEMAN, and his co-conspirators knowingly processed and profited from numerous virtual currency transactions.

**COUNT ONE**
**[Conspiracy to Operate Unlicensed Money Transmitting Business]**
**[18 U.S.C. §§ 371, 1960(a) and (b)(1)(B)]**

7.      The allegations of paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if set forth in full herein.

8.      From at least in and around January 2016, to March 15, 2021, in the District of New Hampshire, and elsewhere, IAN FREEMAN, COLLEEN FORDHAM, RENEE SPINELLA, ANDREW SPINELLA, NOBODY, ARIA DIMEZZO, and others known and unknown, unlawfully, willfully and knowingly, did combine, conspire, confederate and agree with each other to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

9.      It was a part and object of the conspiracy that IAN FREEMAN, COLLEEN FORDHAM, RENEE SPINELLA, ANDREW SPINELLA, NOBODY, ARIA DIMEZZO, and others known and unknown, knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely a virtual currency exchange business, that involved the transportation or transmission of funds which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code Section 5330, and the regulations prescribed thereunder.

10.     All in violation of Title 18 United States Code Sections 371, 1960(a), and 1960(b)(1)(B).

Overt Acts

11.     In furtherance of the conspiracy and to affect the illegal object thereof, at least one of the following overt acts, among others, was committed in the District of New Hampshire and elsewhere:

a.  Between on or about May 2016 and March 15, 2021, from the District of New Hampshire, IAN FREEMAN, COLLEEN FORDHAM, RENEE SPINELLA, ANDREW SPINELLA, NOBODY, and ARIA DIMEZZO opened and operated accounts at financial institutions, including those listed in Counts 5 through 18, as personal accounts or in the names of religious organizations with the purpose to use them to sell virtual currency.

b.  Between on or about May 2016 and March 15, 2021, IAN FREEMAN, COLLEEN FORDHAM, RENEE SPINELLA, and others instructed virtual currency customers to describe deposits into their accounts as "church donations" in an effort to avoid detection of their scheme by financial institutions.

### COUNT TWO
### [Operation of Unlicensed Money Transmitting Business]
### [18 U.S.C. §§ 1960(a) and (b)(1)(B) and (C)]

12.  The allegations of paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if set forth in full herein.

13.  Beginning on or about an unknown date, but at least by 2016, and continuing until at least on or about March 15, 2021, in the District of New Hampshire and elsewhere, the defendant, IAN FREEMAN, knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely a virtual currency exchange business, that (i) involved the transportation or transmission of funds which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code Section 5330, and the regulations prescribed thereunder and (ii) otherwise involved the transportation and transmission of funds known to IAN

4

FREEMAN to have been derived from a criminal offense and intended to be used to promote and support unlawful activity.

14.     All in violation of Title 18 United States Code Sections 1960(a) and (b)(1)(B) and (C).

## COUNT THREE
### [Operation of Unlicensed Money Transmitting Business]
### [18 U.S.C. §§ 1960(a) and (b)(1)(B)]

15.     Beginning on or about an unknown date, but at least by June 2020, and continuing until at least on or about March 15, 2021, in the District of New Hampshire and elsewhere, the defendant, ARIA DIMEZZO, knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely a virtual currency exchange business, that involved the transportation or transmission of funds which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code Section 5330, and the regulations prescribed thereunder.

16.     All in violation of Title 18 United States Code Sections 1960(a) and (b)(1)(B).

## COUNT FOUR
### [Conspiracy to Commit Wire Fraud]
### [18 U.S.C. §§ 1343, 1349]

17.     The allegations of paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if set forth in full herein.

18.     Beginning on or about an unknown date, but at least by 2016, and continuing until at least on or about March 15, 2021, in the District of New Hampshire and elsewhere, IAN FREEMAN, COLLEEN FORDHAM, RENEE SPINELLA, ANDREW SPINELLA, and NOBODY, willfully and knowingly, combined, conspired, confederated and agreed together and with each other to violate Title 18, United States Code, Section 1343.

19.     It was part and an object of the conspiracy that the defendants and others known and unknown, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud. IAN FREEMAN, COLLEEN FORDHAM, RENEE SPINELLA, ANDREW SPINELLA, NOBODY, and others made, and caused others to make, material misrepresentations to financial institutions in order to deceive those financial institutions into allowing the defendants to open and operate accounts used to process financial transactions and in so doing, caused wires to be transmitted to and from the District of New Hampshire.

20.     All in violation of Title 18, United States Code, Sections 1343 and 1349.

## COUNTS FIVE THROUGH EIGHTEEN
### [Wire Fraud]
### [18 U.S.C. § 1343]

21.     The allegations of paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if set forth in full herein.

22.     On or about the below listed dates, in the District of New Hampshire and elsewhere, the defendants, devised and intended to devise a scheme to defraud the financial institutions listed below, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises. For the purpose of executing the scheme to defraud, the defendants caused to be transmitted by means of wire communication in interstate commerce, the signals and sounds described below:

| COUNT | WIRE COMMUNICATION | DEFENDANT | FINANCIAL INSTITUTION | ACCOUNT |
|---|---|---|---|---|
| 5 | 4/13/17 Telephone Call | Ian Freeman | Service Credit Union | 6792 |
| 6 | 10/15/2019 Telephone Call | Ian Freeman | Cheshire County Federal Credit Union/ GFA Federal Credit Union | 1004 |
| 7 | 1/12/17 Wire Transfer | Ian Freeman | Wells Fargo | 7792 |
| 8 | 10/12/17 Email | Renee Spinella | Wells Fargo | 3193 |
| 9 | 4/2/18 Wire Transfer | Andrew Spinella | Wells Fargo | 8055 |
| 10 | 5/18/18 Wire Transfer | Ian Freeman & Renee Spinella | Service Credit Union | 9598 |
| 11 | 9/24/2019 Telephone Call | Colleen Fordham | TD Bank | 2980 |
| 12 | 11/9/18 Email | Colleen Fordham | Service Credit Union | 0019 |
| 13 | 12/18/18 Email | Colleen Fordham | GFA Federal Credit Union | 7902 |
| 14 | 10/22/19 Email | Ian Freeman | First Tech Federal Credit Union | 8014 |
| 15 | 3/25/20 Email | Ian Freeman | Service Credit Union | 4962 |
| 16 | 10/4/19 Wire Transfer | Nobody | TD Bank | 3215 |
| 17 | 3/18/20 Wire Transfer | Nobody | JP Morgan Chase | 9038 |
| 18 | 4/27/20 Wire Transfer | Nobody | Bank of America | 9633 |

23.    All in violation of Title 18 United States Code Section 1343.

**COUNT NINETEEN**
**[Continuing Financial Crimes Enterprise]**
**[18 U.S.C. § 225]**

24.    From an unknown date but no later than May 25, 2016, and ending on or about

March 15, 2021, in the District of New Hampshire and elsewhere, the defendant, IAN

FREEMAN, knowingly conducted a continuing financial crimes enterprise, in that the defendant

committed a series of violations of Title 18, United States Code, Section 1343 that affected a financial institution, including as alleged in Counts 4 through 18 of this Indictment, which are incorporated by reference, which violations were undertaken by the defendant in concert with at least three other persons whom the defendant organized, managed and supervised, and from which continuing series of violations the defendant received over $5,000,000 and more in gross receipts from on or about September 1, 2018, ending on or about August 31, 2020.

25.     All in violation of Title 18 United States Code Section 225.

## COUNT TWENTY
### [Money Laundering – 18 U.S.C. § 1956(a)(3)(B)]

26.     On or about August 25, 2020, in the District of New Hampshire and elsewhere, the defendant, IAN FREEMAN, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, distribution of controlled substances in violation of Title 21, United States Code, Section 841(a), knowingly conducted a financial transaction, affecting interstate commerce, involving property represented by an authorized agent of the United States government to be proceeds of specified unlawful activity, that is, distribution of controlled substances, namely the exchange of $19,900 in United States dollars, for approximately 1.54 Bitcoin.

27.     All in violation of Title 18 United States Code Sections 1956(a)(3)(B).

## <u>NOTICE OF FORFEITURE</u>

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and (2), and 28 U.S.C. § 2461(C), and upon conviction of the offenses alleged in Counts One through Eighteen of this Indictment, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses. and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the charged offenses.

Pursuant to 18 U.S.C.§ 982(a)(1), and upon conviction of the money laundering offense charged in Count Twenty of this Indictment, defendant Ian Freeman shall forfeit to the United States, all property, real or personal, involved in the money laundering offense, and all property traceable to the offense.

Pursuant to 21 U.S.C. § 853(p), the United States of America shall be entitled to forfeiture of substitute property if any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.

Dated:  March 15, 2021                                          A TRUE BILL

                                                                        /s/ Foreperson
                                                                        Grand Jury Foreperson


JOHN J. FARLEY
Acting United States Attorney

/s/ Georgiana L. MacDonald                      /s/ Seth R. Aframe
Georgiana L. MacDonald                           Seth R. Aframe
Assistant U.S. Attorney                              Assistant U.S. Attorney

9