UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:21-cr-00041-JL |
| ) | |
| IAN FREEMAN, ET AL ) | |
| ) | |

ORDER

Upon consideration of the government's motion for a protective order regarding discovery provided to defense counsel pursuant to Fed. R. Crim. P. 16(d)(1), it is hereby

**ORDERED**

(1) For purposes of this Order, the term "discovery" includes all discovery in whatever format provided by the government to the defense. The term "sensitive discovery" includes records from financial institutions (including but not limited to banks, credit unions, and virtual currency exchanges) and copies of electronic devices seized from defendants (including but not limited to cellular telephones and computers). Sensitive discovery will be identified as such by the government.

(2) For purposes of this Order, the term "defense team" means defense counsel, defense counsel's staff, and anyone directly engaged by defense counsel to assist in preparing and presenting a defense in this case including expert witnesses, private investigators, and any other professional consultants participating in preparing the defense. The term defense team does not include the defendant.

(3) The discovery, including sensitive discovery, shall be used by the defendants and the defense team only as necessary to prepare and present a defense in this case.

(4) Defense counsel shall provide copies of the discovery only to other members of the defense team and the defendants.

(5) The defense team and defendants shall not further disseminate discovery including sensitive discovery or disclose to others the contents of the discovery without further order of the Court, which defense counsel may seek *ex parte*.

(6) The defense team shall not provide copies of sensitive discovery to defendants or anyone outside the defense team. The defense team may review copies of sensitive discovery with defendants but may not allow defendants to copy or disseminate any information in the sensitive discovery.

(7) The defense team shall redact all PII, defined as the information identified in Rule 49.1(a) of the Federal Rules of Criminal Procedure, from discovery before presenting any discovery publicly, for example, as an exhibit in Court.

(8) Should either party seek clarification or modification of this order, they are ordered to consult with each other in the first instance. This order may be amended at any time by agreement of the parties. If informal efforts to reach an agreement fail, any party may seek modification of the order, which the Court may in its discretion grant, after allowing all parties an opportunity to respond.

Date: 4/29/2021

_____
Hon. Joseph Laplante United States District Judge