UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | No. 1:21-cr-00041-JL |
| ) | |
| IAN FREEMAN, ET AL       ) | |
| _____) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT IAN FREEMAN'S MOTION TO AMEND CONDITIONS OF RELEASE

Ian Freeman moves to amend the conditions of his release. He asserts that he has complied with all conditions set by the Court. In fact, Freeman has violated the prohibition on purchasing, selling, or transferring virtual currency, or directing anyone to do so on his behalf. Because Freeman cannot abide by the conditions as currently set, this Court should deny his request to amend or remove any conditions. In further support of its objection the Government says as follows:

1. On March 15, 2021, a federal grand jury sitting in the District of New Hampshire indicted Ian Freeman on nineteen counts in a twenty-count indictment, including wire fraud, money laundering, operating an unlicensed money servicing business, and conducting a criminal financial crimes enterprise.

2. Freeman was initially detained pending trial, but on May 21, 2021, this Court ordered him released on numerous conditions, including home detention, no contact provisions, and a total prohibition on accessing, exchanging, purchasing, or transferring virtual currencies, or directing anyone to do so on his behalf.

3. Freeman now seeks to amend his conditions to remove his ankle bracelet which monitors his location, and remove the no contact provisions with three of his co-defendants, as

well as several other individuals who are likely to be witnesses in his case. He states that he has complied with all conditions of release set by this Court. He has not.

4. Condition 7(cc) of Freeman's conditions of release provide:

- Defendant must not access any digital currency wallets either paper or electronic and must not transfer any convertible virtual currency or direct anyone to do so on their behalf.

- Defendant must not access any website, application or software offering services for the exchange, mixing, sale, transfer, or storage of any virtual currency, including money transmitting businesses offering virtual currency transactions (including but not limited to peer-to-peer websites like localbitcoins.com, bisq, BitQuick or Paxful).

- Defendant must not engage in any virtual currency purchases or sales or direct anyone to do so on their behalf.

5. Freeman has an account at Blockchain.com's Exchange, which allows users to deposit fiat currency, purchase and sell virtual currency, such as Bitcoin, and transfer that currency out of the Exchange to a virtual wallet. Freeman created his account on January 23, 2019, using the name Ian Freeman. He used his United States passport as verification of his identity. Records for Freeman's Blockchain account show that between August 7, 2019, and February 16, 2021, Freeman made 32 deposits into his account, totaling $4,660,000. Most of these funds were used to buy Bitcoin or other cryptocurrencies, and then withdraw the funds to a wallet controlled by Freeman.

6. Records from the bank accounts that Freeman used to deposit the money at Blockchain show that all of the money that Freeman deposited into his Blockchain account was involved in his unlicensed money servicing business. In other words, all of the money that was sent to Blockchain, and used to purchase cryptocurrency, was involved in, or derived from the activity for which the defendant is under indictment.

7. Following Freeman's arrest on March 16, 2021, his Blockchain account contained approximately 1.82414154 Bitcoin and approximately $107,000 in United States currency. Freeman was released from pretrial confinement on or about May 21, 2021. On or about July 17, 2021, Freeman's account at Blockchain attempted to withdraw the remaining 1.82414154 to an external virtual wallet. At the time of the transaction, the Bitcoin had a value of approximately $57,103.49. After making this withdrawal, Freeman's account then used the remaining $107,000 or so to purchase approximately 3.418 Bitcoin and then almost immediately sought to withdraw those funds to the same wallet as the 1.824 Bitcoin. Blockchain has put the withdrawals on hold while the company conducts an internal review.

8. Shortly after attempting the withdrawal, Freeman's Telegram account reached out to Blockchain's Telegram support account with the following message:



Bonnie is believed to be Bonnie Kruse, Freeman's girlfriend who lives with him at the Keene residence where he is under home detention. A week later, after not receiving the Bitcoin funds, the Freeman Telegram account reached out again:



9. Meanwhile, Blockchain sent a support ticket to Freeman to let him know that his inquiry into the Bitcoin withdrawals had been escalated. Attempting to thread the needle of plausible deniability, Freeman responded:

> Ian Freeman  July 22, 2021 at 12:55 PM
>
> Hello,
>
> I'm not sure what this is referencing, but I'm not allowed to use exchanges under some crazy bail conditions. If you are trying to reach Bonnie Kruse, please contact her at bonnie@freetalklive.com - she is authorized to handle all Shire Free Church matters, which include any funds that may be in my Blockchain Exchange account.
>
> At your service,
> Ian Freeman
> Host, "Free Talk Live"
>             office
>             cell
>             FAX
>
> Help Free Talk Live get in more ears for just $5 a month! Plus, you get perks. Find out how at http://AMP.freetalklive.com

10. When Support sent an update that the ticket would require further investigation, Freeman responded, "I didn't open a request. Please direct all correspondence to bonnie@freetalklive.com."

11. Freeman's bail conditions specifically prohibit him from accessing or transferring virtual currency to a virtual wallet, or directing anyone to do so on his behalf. The conditions prohibit him from purchasing or selling virtual currency or directing anyone to do so on his behalf. He has violated both of these conditions by having his girlfriend attempt to accomplish what his conditions prohibit.

12. At the final hearing on Freeman's conditions of release, this Court warned Freeman not to try and push the boundaries of his conditions and not to try and test what he could get away with. That is precisely what he has done. Freeman has attempted to outsmart the Court by authorizing his girlfriend to handle all church business, and then designating the funds in his cryptocurrency accounts as "church holdings." This despite the fact that the account was

4

opened in his name, used his passport to verify "know your customer," and all of the funds in the account come from activity for which the defendant is under indictment.

13. The core scheme to Freeman's indicted activity involves him using others to carry out his unlawful business. Many of his co-defendants were used to open accounts when Freeman could no longer open bank accounts. Freeman has and continues to use others to accomplish unlawful ends. His girlfriend appears to be the latest in the long line of people he has used and exposed to his criminal liability.

14. Allowing Freeman to remove his ankle bracelet and resume communications with the very people who he used and conspired with to conduct activities that he continues to do, even under court supervision, would be counter to the requirement that the Court reasonably assure the appearance of the defendant and assure the safety of any other person and the community. He has shown that he will take advantage of reasonable conditions set by the Court in order to do whatever he wants to do.

15. Furthermore, the Government has raised on multiple occasions prior to the defendant's release a concern that he has never been transparent about the funds to which he has access. His attempt to secret away large sums of money, even while under strict conditions of release, highlights that very concern. A recent profile of Freeman published in New York Magazine, notes that a "well-connected member of the Shire told [the author] that the church's bitcoin reserves are in the four figures, which would translate to $50 million or more." Simon van Zuylen-Wood, *The High Priest of Cryptopia Regrets Nothing*, NY MAGAZINE, Aug. 30 – Sept. 12, 2021, at 40, https://nymag.com/intelligencer/2021/08/bitcoin-ian-freeman-fbi-doj.html.

16. Allowing Freeman to remove his ankle monitor at the same time that he is consolidating his outstanding resources would greatly increase the risk of flight which this

Court's conditions were set to prevent. Allowing Freeman to communicate with the very people who he conspired with and used to carry out his unlawful scheme would greatly increase the risk of continuing activity which has left untold numbers of victims in its wake.

17. The Court should deny the defendant's motion and remind him that if he does not want to abide by the conditions set by the Court, he can spend the remainder of pretrial in detention.

Respectfully submitted,

JOHN J. FARLEY
Acting United States Attorney

Dated: September 20, 2021

/s/ John J. Kennedy
Assistant U.S. Attorney
NH Bar # 19557
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
john.kennedy2@usdoj.gov

/s/ Seth R. Aframe
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552