AO 199A (Rev. 12/11) Order Setting Conditions of Release                                                                 USDCNH-40 (5/20)

# UNITED STATE DISTRICT COURT
## District of New Hampshire

UNITED STATES OF AMERICA

        v.                      ORDER SETTING CONDITIONS OF RELEASE

_____     Case No. _____

IT IS ORDERED that the release of the defendant is subject to the following conditions:

☒ 1.  The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

☒ 2.  The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. 14135a.

☒ 3.  The defendant shall immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address and telephone number.

☒ 4.  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed or as directed.

☐ 5.  The defendant shall appear at _____, on _____ at _____ or as otherwise notified.

**Additional Conditions of Release**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

☐ 6.  The defendant is placed in the custody of: (*address to be redacted from electronic version of document entered on CM/ECF*):
_____
_____
_____ Tel. No. _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
*(Custodian or Proxy)*

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                   USDCNH-40 (8/12)

☐ 7.  The defendant shall:
    ☐ (a) Report on a regular basis as directed by the supervising officer.
    ☐ (b) Maintain or actively seek employment.
    ☐ (c) Refrain from possessing a firearm, destructive device, or other dangerous weapons.
    ☐ (d) Surrender any firearm(s) to:
        ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
        ☐ Other: _____.
        and provide written verification to the supervising officer.
    ☐ (e) Surrender any passport to:
        ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
        ☐ Other: _____.
        ☐ by: _____.
    ☐ (f) Obtain no passport.
    ☐ (g) Submit to any method of testing required by the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
    ☐ (h) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
    ☐ (i) Meaningfully participate in a program of inpatient or outpatient substance abuse treatment, which may include may include medication assisted treatment, if deemed advisable by the supervising officer and do not discontinue any treatment program without the prior approval of the supervising officer.
    ☐ (j) Be detained until he/she can be released directly into an inpatient treatment facility. Further hearing to be held upon the completion of the program or upon discontinuation for any reason. Defendant shall promptly notify the court, Assistant U.S. Attorney and the supervising officer of his/her discontinuation of the program or the anticipated program completion date and shall appear for a bail review hearing as scheduled.
    ☐ (k) Restrict travel to the State(s) of New Hampshire and _____.
        ☐ Travel to _____ for work purposes only.
        ☐ Travel to _____ for court purposes only.
        ☐ Other: _____.
        Any other travel must be pre-approved by the supervising officer.
    ☐ (l) Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
        _____
        _____
        ☐ Those individuals identified on the list provided to defendant and his/her counsel at the hearing.
        ☐ Contact is permitted with _____, but defendant shall not discuss this case.
        ☐ Other: _____.
    ☐ (m) Have no unsupervised contact with any minor children.
        ☐ Other: _____.
    ☐ (n) Refrain from     any use of alcohol or     refrain from the excessive use of alcohol.
    ☐ (o) Participate in the following home confinement program components and abide by all the requirements of the program:
        ☐ (1) Curfew: defendant is restricted to his/her residence every day
            ☐ from _____ to _____; or
            ☐ as directed by the supervising officer;
        ☐ (2) Home Detention: defendant is restricted to his/her residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the supervising officer; or
        ☐ (3) Home Incarceration: defendant is restricted to his/her residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the supervising officer.

- ☐ (4) The home confinement program will include electronic monitoring or other location verification system. Defendant shall pay all or part of the cost of the program based upon his/her ability to pay as determined by the supervising officer.
- ☐ (p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner.
- ☐ (q) Refrain from purchasing, possessing, distributing, administering, or otherwise using any psychoactive substances (e.g. synthetic marijuana, bath salts, kratom, etc.), whether or not intended for human consumption, without preapproval of the supervising officer.
- ☐ (r) Participate in a mental health program which shall include medical, psychological, or psychiatric treatment as directed by the supervising officer and do not discontinue any mental health program without preapproval of the supervising officer.
- ☐ (s) Defendant shall take all mental health medications as prescribed by his/her treating physician.
- ☐ (t) Execute, and do not withdraw or revoke, authorizations for the supervising officer to communicate and obtain information from his/her health care providers.
- ☐ (u) Execute a secured unsecured bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: _____ _____.
- ☐ (v) Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money: _____ _____.
- ☐ (w) Execute a bail bond with solvent sureties in the amount of _____.
- ☐ (x) Maintain or commence an education program.
- ☐ (y) Maintain residence at a halfway house or community corrections center, as deemed necessary by the supervising officer.
- ☐ (z) Comply with the following residential requirements or restrictions: _____ _____.
  ☐ No overnights away from the residence without preapproval of the supervising officer.
  ☐ Any change in residence must be preapproved by the supervising officer.
- ☐ (aa) Comply with the following employment requirements or restrictions: _____ _____.
  ☐ Refrain from engaging in an occupation, business, profession, or volunteer activity that would require or enable you to _____ without preapproval of the supervising officer.
- ☐ (bb) Report as soon as possible, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- ☐ (cc) Other:

☐ 8. Participate in the following computer restriction or monitoring program:
  - ☐ (a) Refrain from the possession or use of a computer, electronic communication or data storage device or media, or any internet capable media device unless preapproved by the supervising officer and submit to the examination of any device owned or under the control of the defendant.
  - ☐ (b) No access to the internet unless preapproved by the supervising officer.
  - ☐ (c) Computer monitoring software or hardware shall be installed on defendant's computer which will be subject to periodic and unannounced examination by the supervising officer. These examinations may include retrieval and copying of data related to online use from the computer equipment and any internal or external peripheral devices. Defendant shall pay for the cost associated with the monitoring program based upon his/her ability to pay as determined by the supervising officer.
  - ☐ (d) Defendant shall not access any social media websites, messaging services, and applications that have chat or messaging functions without the approval of the supervising officer (e.g., Facebook, Snapchat, Instagram, WhatsApp, Kik, etc.)
  - ☐ (e) Defendant shall provide the supervising officer with all current online screen names and passwords and he/she shall not create or use any new profiles or screen names without the prior approval of the supervising officer.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                                         USDCNH-40 (8/12)

      ☐ (f)    Defendant shall surrender his/her smartphone to the supervising officer immediately. He/she can request that it be returned to him/her for trade-in purposes only. If he/she trades in the smartphone proof of the trade-in shall be provided to the supervising officer.
9. Participate in a sex offender-specific assessment treatment as directed by the supervising officer.
10. Provide access to and execute authorizations and do not revoke /withdraw authorizations, for the release of any requested financial information as requested by the supervising officer.
      ☐ (a)    Do not incur any new credit charges or open any new lines of credit without preapproval of the supervising officer.
      ☐ (b)    Other:

☐ 11. Abide by all the mandatory, standard and special conditions of supervised release as previously imposed by this court.

### Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

    **YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a federal offense while on pre-trial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony, or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment or a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to tamper with a witness, victim, or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) on offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense.

In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

AO 199A (Rev. 12/11) Order Setting Conditions of Release						USDCNH-40 (8/12)

**Acknowledgment of Defendant**

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: _____    _____
                                                                   Signature of the Defendant

**<u>Directions to United States Marshal</u>**

☐ The United State Marshal is ORDERED to keep the defendant in custody until notified by U.S. Probation or the court that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

☐ The defendant shall be detained until notified by U.S. Probation or the court that he/she can be released directly to an inpatient treatment facility.

☐ The defendant is ORDERED released after processing.

Date: _____    _____
                                         ☐      United States Magistrate Judge
                                         ☐      United States District Judge

cc:     Defendant
          U.S. Attorney
          U.S. Marshal
          U.S. Probation
          Defense counsel

### Condition 7(l)

Avoid all contact directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to Colleen Fordham, Renee Spinella, Andrew Spinella, Richard Paul, Aria Dimezzo, Mark Edgington, Patricia Edgington, Laura Edgington, Michael Hampton, Michael Yakubovich, Christopher Reitman, Darren Humphrey, Melanie Neighbors, Darryl Perry and other names/spellings listed in the indictment. Defendant shall also avoid contact directly or indirectly with any persons previously involved in peer-to-peer virtual currency transactions with the defendant *on or after January 1, 2015 (one year before the alleged offense)*

### Condition 7(cc) – Other

- Defendant must not access any digital currency wallets either paper or electronic and must not transfer any convertible virtual currency or direct anyone to do so on their behalf.

- Defendant must not access any website, application or software offering services for the exchange, mixing, sale, transfer, or storage of any virtual currency, including money transmitting businesses offering virtual currency transactions (including but not limited to peer-to-peer websites like localbitcoins.com, bisq, BitQuick or Paxful).

- Defendant must not engage in any virtual currency purchases or sales or direct anyone to do so on their behalf.

### Condition 10(b) - Other

- Defendant shall not register any business entities, non-profit entities, or churches without prior disclosure to supervising officer.

- Defendant must disclose any new accounts opened at financial institutions to supervising officer.