# The Law Offices of
# Martin & Hipple, P.L.L.C.

22 Bridge Street, Suite 3; Concord, NH 03301-4987
Phone: 603-856-0202, Toll-Free: 877-645-2909
Fax: 603-546-7456
Contact@NHLegalServices.com
www.NHLegalServices.com

PARTNERS:
Stephen T. Martin, Esq.
Seth J. Hipple, Esq.*                                          *Also admitted in MA (inactive)

November 10, 2017

itBit
450 Lexington Ave., # 3952
New York, NY 10017
[via FedEx 2Day]

**Re:   Shire Free Church is Neither a Money Services Business
        Nor a Money Transmitter**

Dear Sir or Madam:

      I represent Shire Free Church (the "Church") on whose behalf I write this letter. It has come to my attention that itBit has requested a legal opinion on whether the Church is required to be registered or licensed as a money transmitter or money services business under either State or Federal law. I write this letter to inform you that the Church has no such requirement.

      As you likely know, the Church is a non-profit, and does not engage in businesses for profit. The Church's sole involvement with Bitcoin is that the Church owns some of this electronic good, and people will purchase this good directly from the Church using one of the Church's Bitcoin vending machines, in a private exchange for United States currency. That's it; the Church does not act as a conduit to an outside exchange, and does not transmit funds in either currency or Bitcoin to or on behalf of third parties. Nor does the Church regularly buy and sell Bitcoin for profit. It simply owns Bitcoin and sells it both to pay for the Church's ongoing expenses, and to further the Church's goal of advancing peace on earth.

      As explained below, this does not transform the Church from a nonprofit to a money services business or money transmitter; the Church has no legal requirement to register or be licensed as such.

### Federal Law

Federal law requires that a person operating, owning, or supervising a money services business ("MSB") must be licensed. 18 USC § 1960.

The Church need not be licensed, however, as it is not an MSB under Federal law. In the first place, 31 USC 1010.100(ff) defines an MSB as "a person wherever located **doing business** ..." (emphasis added) and the Church is not a business, but rather a non-profit religious organization.

As a separate and distinct reason the Church is not an MSB, it does not fall under any of the 7 categories of operations defined as MSBs under Federal law. 31 CFR § 1010.100(ff) provides these seven categories constituting MSBs: (1) dealer in foreign exchange; (2) check casher; (3) issuer or seller of traveler's checks or money orders; (4) provider of prepaid access; (5) money transmitter; (6) U.S. Postal Service; and (7) seller of prepaid access.

The Church is not a (1) *dealer in foreign exchange* as it does not deal in multiple countries' currency. It is not a (2) *check casher* as it does not accept checks or other monetary instruments in exchange for currency. It is not an (3) *issuer or seller of traveler's checks or money orders* as it has absolutely no dealing with traveler's checks or money orders. It is neither a (4) *provider of prepaid access* nor a (7) *seller of prepaid access*: prepaid access is defined as "Access to funds or the value of funds that have been paid in advance and can be retrieved or transferred at some point in the future through an electronic device or vehicle..."[1] which is something in which the Church is not involved, as it merely sells Bitcoin for United States currency from its own Bitcoin inventory. Obviously, the Church is not the (6) *U.S. Postal Service*.

This leaves only the question of whether the Church is a (5) *money transmitter*. It is not. A money transmitter is defined as "A person that provides money transmission services." 31 CFR § 1010.100(ff)(5)(i)(A). "The term 'money transmission services' means the acceptance of currency ... from one person and the transmission of ... value that substitutes for currency to another location or person...." 31 CFR 1010.100(ff)(5)(i)(A). Here, the Church does not accept currency from one person and then transmit value to **another** person, but rather provides Bitcoin to the **same** person – as opposed to, say, Western Union, which accepts money from one person and then sends it to **another** person. As such, the Church does not provide money transmission services, and is therefore not an MSB.

---

[1] 31 CFR § 1010.100(ww)

Furthermore, Federal law specifically notes that "The term 'money transmitter' shall **not** include a person that only: ... (F) accepts and transmits funds only integral to the sale of goods or the provision of services, other than money transmission services, by the person who is accepting and transmitting the funds" (emphasis added). 31 CFR § 1010.100(ff)(5)(ii)(F). As explained above, the Church accepts currency and provides Bitcoin *only* in connection with the sale of goods – that is, the sale of Bitcoin. The only transfers of currency and/or Bitcoin which happen are those which support that one, discrete purpose.

Therefore, the Church is not an MSB under Federal law and need not be registered or licensed as one.

**State Law**

New Hampshire's statutory provisions laying out the requirements for licensing of money transmitters are found in RSA 399-G. Of note, RSA 399-G:3, VI-a (2017) states that the licensing requirements in that chapter do not apply to "Persons who engage in the business of selling or issuing payment instruments or stored value solely in the form of convertible virtual currency or receive convertible virtual currency for transmission to another location...."

Furthermore, the New Hampshire Banking Department has issued a public statement[2] making explicit that those who issue stored value solely in the form of convertible virtual currency – of which the Banking Department noted Bitcoin is one – and do not transmit regular currency (which the Church does not) are not required to be licensed as money transmitters.

For good measure, I also note that the New Hampshire Banking Department's own Maryam Torben-Desfosses testified about Bitcoin before the New Hampshire Legislature's Commission to Study Cryptocurrency in 2016. During her testimony,[3] Ms. Torben-Desfosses clearly testified that organizations such as the Church are not money transmitters. Said Torben-Desfosses:

> *"We have machines in this state [New Hampshire] – I know of at least one – wherein it is what people call the Bitcoin vending machine. I don't want to call it an ATM because it's not akin to an ATM, but a Bitcoin vending machine. We have a manufacturer in New Hampshire that creates these Bitcoin vending machines. Not all of the Bitcoin vending machines have the same software*

---

[2] https://www.nh.gov/banking/documents/cryptocurrency.pdf

[3] https://www.youtube.com/watch?v=0w0TtiYLXhA&feature=youtu.be&t=16m40s

*program, so they can be programmed to do different things and hold different things. If the Bitcoin vending machine owns its own Bitcoin, so it's actually loaded – the information is loaded into this system, and it's only a limited number of Bitcoins on this system, ... what we've seen is someone comes in with actual dollars ... and buys a Bitcoin through this machine. That's user to user. Now, we don't regulate that. The Bitcoin machine owns its own Bitcoin: we don't regulate that, and we've told several companies, 'We don't regulate that; enjoy, have fun.' That's no different than me going to a vending machine and buying a KitKat or a bottle of water. It's a product at that point."*

In her testimony, Ms. Torben-Desfosses made clear that the distinction is whether the Bitcoin ATM merely sells its own Bitcoin (which does not render it a money transmitter, as noted above), or if the Bitcoin ATM is selling Bitcoin that is owned by a third party, in which case it would be a money transmitter. Ms. Torben-Desfosses continued:

*"Now, if that Bitcoin vending machine now actually holds Bitcoin owned by someone else, they're almost acting just as if it's an exchange, so [for example] Coinbase. They're basically doing the transmission for this other entity. They may not have the stored value piece and maybe it's talking to a wallet somewhere else. If it's talking to a wallet somewhere else and I'm putting money into this machine to get that Bitcoin that's somewhere else, that machine doesn't own that wallet – it's not its Bitcoin; it's owned by someone else, [then] it's a [money] transmitter. It is no different than me going to Western Union saying, 'Here, take my money. I want to send it over there.'"*

As the Church owns its own Bitcoin and does not use its Bitcoin machines to sell the Bitcoin(s) of third parties, it is clearly not a money transmitter under New Hampshire law.

Given the above, it is clear that the Church has no responsibility or obligation to be licensed or registered as a money transmitter or a money services business. Please do not hesitate to contact me if you have further questions.

Best Regards,

Seth J. Hipple, Esq.

cc: Shire Free Church
File # 17-083