UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.                                                          )<br>)<br>IAN FREEMAN and                             )<br>ARIA DIMEZZO                                  )<br>                                                            ) | No. 1:21-cr-00041-JL |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' NOTICE OF PUBLIC AUTHORITY DEFENSE**

The defendants purport to offer a notice of "public authority defense" relying on a "representation from a governmental authority," specifically Maryam Torben-Desfosses of the New Hampshire Banking Department. The attempted reliance on the defense is unfounded for two reasons. First, the public authority defense applies only in a situation in which a defendant was acting with actual authority "on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense*"* and not based on a mistaken view that his or her conduct was authorized by the law. Fed. R. Crim P. 12.3.[1] *United States v. Holmquist*, 36 F.3d 154, 161 n. 6-7 (1st Cir. 1994) (contrasting the "nonexistent defense of apparent public authority [based on a mistaken but good-faith belief that one's conduct is authorized by the government] with the potentially viable defense of actual public authority, which may come into play when a defendant undertakes certain acts, reasonably relying on the statements of a government agent cloaked with actual authority"). Second, the statements of a state official interpreting state law have no bearing on the federal crime with which the defendants are charged. *See United States v. Daniels*, 2019 WL 6999112 (D. Me. Dec. 20, 2019) ("[L]ocal and state officials with apparent

---

[1] The government denies that the defendant exercised public authority, pursuant to Fed. R. Crim. P. 12.3(a)(3). The government requests that the defendant disclose the name, address, and telephone number of each witness the defendant intends to rely on to establish a public authority defense, pursuant to Fed. R. Crim. P. 12.3(4)(A).

1

authority cannot provide a basis for a public authority defense to a violation of federal law.");
*United States v. Miles*, 748 F.3d 485, 489 (2d Cir. 2014) (collecting cases and holding that courts have "widely and unanimously adopted the rule that a defendant charged with violating a federal crime must show reliance on the advice or authority of federal officials or agents to invoke this defense."). The defendants, therefore, should not be permitted to put forward the public authority defense at trial.

        Respectfully submitted,

        JANE E. YOUNG
        United States Attorney

Dated: August 24, 2022

        /s/ Georgiana L. MacDonald
        Assistant U.S. Attorney
        MA Bar # 685375
        53 Pleasant Street, 4th Floor
        Concord, New Hampshire 03301
        603-225-1552
        georgiana.macdonald@usdoj.gov

        /s/ John J. Kennedy
        Assistant U.S. Attorney
        NH Bar # 19557
        53 Pleasant Street, 4th Floor
        Concord, New Hampshire 03301
        603-225-1552
        john.kennedy2@usdoj.gov

        /s/ Seth R. Aframe
        Assistant U.S. Attorney
        53 Pleasant Street, 4th Floor
        Concord, New Hampshire 03301
        603-225-1552