UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:21-cr-00041-JL |
| ) | |
| IAN FREEMAN and ) | |
| ARIA DIMEZZO ) | |
| ) | |

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF STATE LAW

The government moves to exclude, pursuant to Federal Rule of Evidence 401, any evidence about the state of New Hampshire's laws regarding registration requirements for money transmitting businesses, as that evidence is of no relevance to the offense with which the defendants are charged. Among other crimes, Ian Freeman and Aria Dimezzo are charged with operating unlicensed money transmitting businesses in violation of 18 U.S.C. § 1960(b)(1)(B) (Counts Two and Three) and conspiring to do so in violation of 18 U.S.C. § 371 (Count One). The defendants are <u>not</u> charged with violating the provision of 18 U.S.C. § 1960 that prohibits operating a money transmitting business without an appropriate money transmitting license under state law. 18 U.S.C. § 1960(b)(1)(A).

The defendant filed a document purporting to offer a notice of "public authority defense" relying on a "representation from a governmental authority," specifically Maryam Torben-Desfosses of the New Hampshire Banking Department. The defendant included quotes from the New Hampshire Banking Department indicting that certain types of virtual currency kiosks or ATMs may not be required to register under state law.[1] The government filed a separate objection to that notice, but also moves to affirmatively exclude any evidence about money

---

[1] Notably, the virtual currency kiosks or ATMs, are just one small part of the defendants' money transmitting businesses and the defendants offer no opinions addressing the requirements that would apply to the money transmitting businesses that they operated through their bank accounts.

1

transmitting business registration requirements in the state of New Hampshire, and of the defendants' knowledge of the state law.  As the defendants are charged with unlawfully operating a money transmitting business by failing to register under federal law, whether or not they were also required to register their business with the state of New Hampshire is irrelevant. As the crime they are charged with is a general intent crime, their knowledge of the state law is likewise irrelevant. In order to convict the defendants of the crime, "the government need only allege that Defendant knew that he was operating a money transmitting business and knew that the business did not have a license or registration." *United States v. Uddin*, 365 F. Supp.2d 825, 832 (2005). *See also United States v. Dimitrov*, 546 F.3d 409, 413 (7th Cir. 2008); *United States v. Talebnejad*, 460 F.3d 564 (4th Cir. 2006); *United States v. Keleta*, 441 F. Supp. 2d 1, 3 (D.D.C. 2006). Therefore, their knowledge of the state law is not a relevant consideration.

Alternatively, if the evidence is relevant, it should be excluded under Federal Rule of Evidence 403, because its introduction would be unduly prejudicial to the government and invite jury nullification. Courts grant similar motions in federal marijuana prosecutions where defendants attempt to present evidence of their belief that their conduct was legal under state law. *See United States v. Hayman*, 2021 WL 4495813 (4th Cir. 2021); *United States v. Wall*, 2022 WL 1268061 *4 (D. Md. 2022); *United States v. Rosenthal*, 334 Fed. Appx. 841 (9th Cir. 2009). As in those cases, the only purpose for introducing the state law would be an improper one: to indicate that defendants should not have been required to register their business under federal law.

This evidence, therefore, should be excluded.

>Respectfully submitted,
>
>JANE E. YOUNG
>United States Attorney

Dated: August 24, 2022

>/s/ Georgiana L. MacDonald
>Assistant U.S. Attorney
>MA Bar # 685375
>53 Pleasant Street, 4th Floor
>Concord, New Hampshire 03301
>603-225-1552
>georgiana.macdonald@usdoj.gov
>
>/s/ John J. Kennedy
>Assistant U.S. Attorney
>NH Bar # 19557
>53 Pleasant Street, 4th Floor
>Concord, New Hampshire 03301
>603-225-1552
>john.kennedy2@usdoj.gov
>
>/s/ Seth R. Aframe
>Assistant U.S. Attorney
>53 Pleasant Street, 4th Floor
>Concord, New Hampshire 03301
>603-225-1552