UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                           )<br>)<br>IAN FREEMAN and                             )<br>ARIA DIMEZZO                                   )<br>_____ ) | No. 1:21-cr-00041-JL |

**GOVERNMENT'S OBJECTION TO
DEFENDANTS' MOTION FOR BILL OF PARTICULARS**

The defendants have moved for a bill of particulars, requesting information regarding "specific facts and witness[es] . . . to be adequately placed on notice." In essence, the motion seeks to have the Government identify the facts and witnesses contained in the discovery it intends to introduce to prove the elements of the charged offenses.

"Motions for bills of particulars are seldom employed in modern federal practice." *United States v. Sepúlveda*, 15 F.3d 1161, 1192 (1st Cir. 1993); *see also United States v. Poulin*, 588 F.Supp.2d 64, 67 (D. Me. 2008) (noting that Federal Rule of Criminal Procedure Rule 16's discovery requirements have eclipsed motions for bills of particulars). The function of a bill of particulars is to provide a defendant with necessary details of the charges against him or her, to enable the defendant to prepare his or her defense, to avoid surprise at trial, and to protect against double jeopardy. *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992). "[I]ndictments need not be infinitely specific." *Sepúlveda*, 15 F.3d at 1192. "A bill of particulars is not an investigative tool for defense counsel to obtain a detailed disclosure of the government's evidence prior to trial. Inquiries into government witness lists, or evidentiary or legal theories, are generally not proper purposes for a bill of particulars either." *United States v. Vazquez-Rijos*, 250 F.R.D. 99 (D. P.R. 2008) (citations and quotations omitted); *see also United States v.*

1

*Abakporo*, 959 F.Supp.2d 382, 388 (S.D.N.Y 2013) ("The proper scope and function of a bill of particulars is not to obtain disclosure of evidence or witnesses to be offered by the Government at trial." (brackets and ellipses omitted)).

Here, the defendants seek that which they already have. To date, the Government has produced extensive discovery providing all of the information the defendant requests in his motion. The defendants have been provided with inventories along with the discovery productions outlining what has been produced. On December 9, 2021, the Government provided a production log which identified which Bates ranges corresponded with specific discovery; for example which financial records belong to which account owners. Discovery productions since then have also included detailed logs with descriptions of each item being produced.

The Government has been clear about its theory of the case in numerous pleadings. *See e.g.* ECF Nos. 49, 133, 134, 136, 139 (Superseding Indictment), 170, 193. Discovery produced to date provides answers to all the alleged shortcomings identified in the defendants' motion. For example, the defendants have extensive records from localbitcoin.com, a peer-to-peer virtual currency trading platform, which include the defendants' transaction history and chat logs. BATES 18R82-LBC-00001-13559. These chats are replete with instances of the defendants providing "customers" with instructions for making bank wires, including instructing them to state that these wires were church donations.

It is simply false that, as the defendant claims in his motion, "no victim names have been specifically disclosed." The Government has produced the contents of defendant Freeman's computer, including a folder titled "KYC" which included scores of photographs of wire slips and driver's licenses belonging mostly to elderly individuals. Furthermore, the Government has

produced written reports of interviews with many of these individuals, most detailing the nature of the romance scams to which that they fell victim.

The Government has produced records from numerous financial institutions. The Superseding Indictment puts the defendants on notice of various bank accounts, and records of those and any other bank accounts the Government would introduce at trial have been produced in discovery. In addition, the Government's financial analyst has provided simplified analyses and summary charts of each of the accounts of interest, all of which have been provided to defendants in discovery. Regarding who was paid to open bank accounts, the discovery includes contracts between the defendant and various of these people, mostly co-defendants, describing the exact nature of the agreement. Additionally, the plea agreements filed thus far in this matter speak for themselves. With respect to Paragraph 37, or Count 28 of the Superseding Indictment, again, it is no surprise that the Government alleges that the defendant conspired with others, known and unknown, to launder the proceeds of the various scams. This is all supported by the discovery.

But all of this is beside the point. The defendants have not articulated how they will be disabled in their trial preparation or might be surprised at trial, aside from seeking assistance from the Government in identifying which specific pieces of evidence it will seek to introduce. The law is clear that is not the purpose of a bill of particulars. The clear notice provided by the detailed, 19-page indictment, coupled with the discovery provided is more than sufficient to allow the defendants to prepare for trial. *See United States v. DeLeon*, 468 F.Supp.2d 290, 292 (D. N.H. 2007) (no bill of particulars required where the government has provided extensive discovery); *Sepúlveda*, 15 F.3d at 1193 (affirming the denial of a bill of particulars where the defendants "enjoyed benefits of modified open-file discovery, *i.e.*, automatic discovery that

encompassed all relevant data except Jencks Act material related to witnesses not employed in law enforcement").

With respect to the tax evasion charge, the Government need only prove "(1) the existence of a tax deficiency, (2) an affirmative act constituting an evasion or attempted evasion of the tax, and (3) willfulness." *United States v. Lavoie*, 433 F.3d 95, 97 (1st Cir. 2005). The Government need not allege a valid assessment of taxes owed to properly allege a tax deficiency. *United States v. Stierhoff*, 500 F.Supp.2d 55, 61 (D. R.I. 2007) ("A tax deficiency exists from the date a return is to be filed and arises by operation of law when the return is not filed. As long as the tax is 'due and owing' in this manner, no formal assessment is necessary." (quotations, citations, brackets, and ellipses omitted)); *See also United States v. Hogan*, 861 F.2d 312, 315-16 (1st Cir. 1988) (rejecting claim that a formal assessment of tax due was necessary to prove tax deficiency).

Paragraph 43 properly tracks the language of 18 U.S.C. § 225 with its reference to $5,000,000 in gross receipts, and references Counts 5-16 of the indictment, which themselves reference specific bank accounts. The defendants have the records associated with these accounts.

Finally, the defendant takes issue with the Notice of Forfeiture. This notice simply puts the defendant on notice that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. *See* Fed. R. Crim. P. 32.2(a). If the defendants are found guilty at trial, the Court must then determine what property is subject to forfeiture under the applicable statute. *See* Fed. R. Crim. P. 32.2(b)(1). If the forfeiture is contested, on either party's request, the court must conduct a hearing after the verdict. *Id.* To the extent that the defendant alleges that specific property is not subject to forfeiture, or that the

Government cannot establish the requisite nexus between the property and the offense, the time to take up these issues is following a guilty verdict, during the forfeiture phase of the trial.

For the foregoing reasons, the Court should deny the defendants' Motion for a Bill of Particulars.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: August 24, 2022

/s/ Georgiana L. MacDonald
Assistant U.S. Attorney
MA Bar # 685375
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
georgiana.macdonald@usdoj.gov

/s/ John J. Kennedy
Assistant U.S. Attorney
NH Bar # 19557
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
john.kennedy2@usdoj.gov

/s/ Seth R. Aframe
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552