UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 21-cr-41-JL |
| | ) | |
| IAN FREEMAN | ) | |

MOTION IN LIMINE TO PRECLUDE
<u>JURY NULLIFICATION ARGUMENTS</u>

Defendant Ian Freeman will soon go on trial for several charges related to allegations that he operated an unlicensed money transmitting business to launder money.  In a recent on-line post related to the pending charge Freeman wrote:

> Jury nullification is your right to judge the law itself, instead of the facts in the case. Nullification is an established right of jurors that governments across the United States, especially in federal courts, attempt to suppress. It's no surprise that the prosecutors are worried about it here, as Aria and I certainly did no harm to any other soul and a jury who knows they are free to use their conscience to render a verdict, may very well throw out the entire case.

https://freekeene.com/2002/08/23/prosecutors-in-crypto-six-case-admit-fear-of-jury-nullification (Aug. 23, 2022), attached as Exhibit A.   In a later post, the defendant wrote that "[A] jury with a shred of decency will find us not guilty of the bulls[***] 'crimes' against us."

https://freekeene.com/2022/08/30/feds-ruin-more-innocent-lives-with-felony-records-as-two-more-sentenced-in-crypto-six-case (Aug, 30, 2022), attached as Exhibit B.

The defendant's lawyer makes a similar but slightly less obvious suggestion that the defendant intends to appeal to nullification in a recent objection.  There, counsel suggested that the defendant wants to introduce evidence about state law and attorney advice to show that the defendant was "under the impression that the activity he was in engaged in was lawful, and

therefore <u>not</u> illegal and that a license was not required." Docket Number 207.  It is well

established that a violation of 18 U.S.C. § 1960(b)(1)(B) is a general intent crime such that the

government need not prove that the defendant was aware of the registration requirement. <u>United</u>

<u>States v. Talebnejad</u>, 460 F.3d 563, 572-73 (4th Cir. 2006); <u>United States v. Neumann</u>, 2022 WL

3445820, at *4 (S.D.N.Y. Aug. 17, 2022).  Where, as here, the defendant is charged with a

general intent offense, he cannot introduce evidence about a lack of intent such as advice of

counsel because such evidence would only be relevant to defend against a specific intent crime.

<u>United States v. Smith</u>, 2001 WL 371927, at *1 (9th Cir. Apr. 12, 2001); <u>United States v. Cross</u>,

113 F. Supp. 2d 1253, 1262-63 (S.D. Ind. 2000) (collecting cases).  Thus, introducing such

evidence here would have no purpose other than to encourage the jury to second-guess Congress'

decision to establish a general intent offense for failing to register a money transmitting business.

That is nothing more than a subtler nullification argument than the one the defendant presents in

his on-line posts.

  This Court should enter an in limine order barring such nullification arguments from trial.

The First Circuit Court of Appeals explained the law in this area in <u>United States v. Sepulveda</u>,

15 F.3d 1161, 1190 (1st Cir. 1993):

> The applicable rule is that, although jurors possess the raw power
> to set an accused free for any reason or for no reason, their duty is
> to apply the law as given to them by the court.  Accordingly, while
> jurors may choose to flex their muscles, ignoring both law and
> evidence in a gadarene rush to acquit a criminal defendant, neither
> the court nor counsel should encourage jurors to exercise this power.
> A trial judge, therefore, may block defense attorneys' attempts to
> serenade a jury with the siren song of nullification.

<u>See</u> <u>also</u> <u>United States v. Bunchan</u>, 626 F.3d 29, 34 (1s Cir. 2010) ("Neither the court nor

counsel should encourage jurors to exercise their power to nullify.").  More recently, this Court

echoed the First Circuit:

2

> The law is well-settled that a jury cannot be encouraged to
> exercise the power of nullification…. Arguments or testimony
> that the charged conduct should not be a crime or should not be
> prosecuted because others have done the same thing are also
> impermissible attempts at jury nullification…. Similarly, argument
> or testimony that the government should focus on 'worse people'
> rather than 'going after' the defendant encourages jury nullification
> and is not permitted.

United State v. Apicelli, 2015 WL 3398139 (D. N.H. May 26, 2015).

Given the defendant's pretrial suggestions that nullification is at least part of the defense strategy, a pre-trial order making clear that nullification arguments will be excluded will be useful in assuring that the trial proceeds in an orderly manner.  For this reason, the United States requests that the Court grant its motion in limine to preclude nullification arguments.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

By:  /s/ Seth R. Aframe
Seth R. Aframe, AUSA
Bar MA 643288
53 Pleasant Street, 4th Floor Concord,
NH  03301
(603) 225-1552
seth.aframe@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded via ECF filing to counsel of record.

/s/ Seth R. Aframe
Seth R. Aframe, AUSA