UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                              ) | Docket no. 1:21-cr-00041-JL |
| ) | |
| ) | |
| IAN FREEMAN                     ) | |

UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S
MOTION IN LIMINE TO EXCLUDE STATE LAW (DOC NO. 207)

"[T]he constitutional right to present a defense is not impaired where the evidence proffered has been properly ruled irrelevant," United States v. Brown, 669 F.3d 10, 20 (1st Cir. 2012), or where the evidence is confusing or misleading, United States v. St. Pierre, 599 F.3d 19, 22-23 (1st Cir. 2010).  The defendant here seeks to introduce two irrelevant and misleading pieces of evidence related to New Hampshire law pertaining to the charge that he violated 18 U.S.C. § 1960(b)(1)(B), which makes it unlawful to knowingly operate a money transmission business and fail to register it as required by federal law.  Those pieces of evidence are: (1) a statement from a representative of the New Hampshire Banking Commission stating that bitcoin vending machines are not required to register under state law; and (2) testimony that the defendant's bitcoin vending machines have operated in public establishments for multiple years before they were seized by the FBI in March 2021.  This evidence should be excluded under Fed. R. Evid. 401 and 403 because the evidence is irrelevant and will likely mislead the jury.

To understand why this evidence is irrelevant, it is first important to understand its purpose.  The evidence is directed at making the point that the defendant believed that operating his bitcoin vending machine without a license was lawful under New Hampshire law.  Section 1960(b)(1)(A) makes it illegal to operate an unlicensed money service business without a state

license "were such operation is punishable as a misdemeanor or felony under State law." Possibly, a statement from a New Hampshire Banking Commission representative that the unlicensed operation of a bitcoin vending machine would be lawful under state law would be relevant if the defendant were, in fact, charged under § 1960(b)(1)(A), with operating his bitcoin vending machines in violation of New Hampshire law.[1]

There are, however, two problems with presenting the evidence about state law in the upcoming trial. First, the defendant is not charged under § 1960(b)(1)(A) for failing to have a required New Hampshire license for his bitcoin vending machines. Rather, the defendant is charged under 18 U.S.C. § 1960(b)(1)(B), which makes it a crime for the defendant to fail to comply with the licensing requirement for a money transmitting business under federal law.

State law has absolutely nothing to do with whether the defendant is guilty of this offense. The registration requirement is determined exclusively by deciding whether the defendant's bitcoin vending machines triggered the licensure requirements under 31 U.S.C. § 5330, a federal statute. Thus, the only purpose in introducing this state-law evidence would be to confuse the jury by suggesting that a statement by a New Hampshire banking official offering an opinion about state requirements has something to do with whether registration is required under federal law. It does not.[2] The defendant should not be allowed to attempt a misdirection to

---

[1] Even that might not be relevant because § 1960 does not require the government to prove that the defendant knew that he needed to register under state law. United States v. Uddin, 365 F. Supp. 2d 825,829 (E.D. Mich. 2005).

[2] Indeed, even the defendant's own letter from his attorney about whether his bitcoin vending machines must be registered distinguishes between the registration requirements under state and federal law. Appropriately, the letter only mentions the New Hampshire Banking Commission representative's comments when discussing the state law registration requirement. Thus, the defendant knew, from as early as 2017, that state law has nothing to do with the federal registration requirement. See Exhibit A, letter from Attorney Seth Hipple to ItBit.

mislead the jury by introducing evidence from the New Hampshire Banking Commission about a statement that has nothing to do with the issue of federal law that the jury must decide.

Second, the statement from the New Hampshire Banking Commissioner representative involved only the bitcoin vending machines. It is important to point out that the thrust of the government's case about the unlicensed money transmitting business, under 18 U.S.C. § 1960(b)(1)(B), is not about the defendant's vending machines. Rather, the defendant ran a money transmitting business through Localbitcoins.com, a website, and Telegram, an encrypted on-line application. Through this business model, the defendant accepted fiat currency in the form of cash deposits or wires into bank accounts that the defendant controlled. He then converted the fiat currency into bitcoin by buying bitcoin, which he purchased from crypto currency exchanges, kept a commission for himself, and sent the bitcoin where requested. This part of the business alone converted many millions of dollars into bitcoin. The Banking Commissioner representative's statement is related only to the operation of the vending machines. It has nothing to do with the operation of the money transmitting business that the defendant operated through websites, applications, and bank accounts.[3] Thus, the Banking Commissioner testimony about the vending machines is irrelevant and confusing for this reason as well.

The defendant also suggests that he wishes to introduce evidence that he operated his vending machines "openly" in several public establishments as proof that his conduct in

---

[3] Indeed, even the lawyer letter the defendant trumpets as his basis for not seeking registration, describes only the vending machine business. See Exhibit A. In this regard, the letter says, "The Church's sole involvement with Bitcoin is that the Church owns some of this electronic good, and people will purchase this good directly from the Church using one of the Church's Bitcoin vending machines in a private exchange for United States currency. That's it." That's not it. As the trial evidence will show, the defendant transacted millions of dollars of Bitcoin through the online/bank aspect of his business.

operating the machines without federal registration was somehow lawful. That evidence too is irrelevant and misleading. The defendant has suggested that he wishes to present that state officials knew about the vending machines and took no action against them. Again, the actions of state officials, who enforce state law, has no bearing on whether the defendant had a registration requirement under federal law—the question presented here. Thus, this evidence has no purpose but to mislead the jury on the law that matters. Moreover, there was no silence from the federal government on the defendant's need to register his vending machines. The defendant received a letter from the United States Department of Treasury advising him that he needed to register the bitcoin vending machines, which the defendant chose to ignore. Letter from FINCEN to Ian Freeman, Exhibit B. The defendant's failure to respond to the Department of Treasury was one of the catalysts for the investigation that led to the pending prosecution. Thus, whatever laches-type argument the defendant is suggesting, is not only irrelevant and confusing; it is also untrue.

For the reasons stated, this Court should enter an in limine order precluding the defendant for introducing evidence that (1) a New Hampshire Banking Commissioner representative opined that bitcoin vending machines need not be registered under New Hampshire law and (2) the defendant operated the bitcoin vending machines in public establishments for multiple years without state government interference.

                                                Respectfully submitted,

Dated: October 21, 2022              JANE E. YOUNG
                                              United States Attorney

                                              By:  /s/ Seth R. Aframe
                                              Seth R. Aframe, AUSA
                                              Bar MA 643288
                                              53 Pleasant Street, 4th Floor
                                              Concord, NH  03301
                                              (603) 225-1552
                                              seth.aframe@usdoj.gov