UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket no. 1:21-cr-00041-JL |
| | ) | |
| | ) | |
| IAN FREEMAN | ) | |

<u>UNITED STATES' MOTION FOR RULE 15(a) DEPOSITION OF MARY HURD</u>

The United States moves to take a Fed R. Crim. P. 15(a) video deposition of Mary Hurd. Doing so is justified by exceptional circumstances in so far as Hurd cannot travel cross-country to the trial because of advanced age and leg and knee conditions. Moreover, having Hurd's testimony is in the interests of justice because it is material to the money-laundering conspiracy charge.

Defendant Ian Freeman is charged with, among other offenses, conspiracy to money launder. The essence of the charge is that the defendant was willfully blind to accepting scam proceeds from elderly individuals and sending bitcoin to their scammers. Mary Hurd is one of the elderly individuals who sent money to the defendant in circumstances where the defendant was, in the government's view, at best, willfully blind that the proceeds being sent to him to convert into bitcoin were criminally derived.

In particular, as the attached LocalBitcoins chat with the defendant demonstrate, the defendant was communicating with a person possessing a Nigerian passport named Onweazu Okafor Chiedu. Chiedu wanted to have the defendant convert cash to bitcoin. Chiedu claimed to be "offshore", and that Hurd was his in-law. Chiedu said Hurd was going to deposit fiat currency to purchase bitcoin on his behalf. The chats between Chiedu and the defendant contain photos of Hurd holding deposit slips indicating that she sent money to the defendant for the

purpose of purchasing bitcoin for Chiedu. Exhibit A, LocalBitcoins Chat between Chiedu and Freeman.

The government expects that Hurd would testify she met a man named, "Arnold," on a website called Silver Singles. "Arnold" told Hurd he was in Singapore but wanted to convert some money to bitcoin so that he could pay off a debt. Hurd received wires that she believed were from "Arnold," went to the bank, and sent the money she received to the defendant as instructed by "Arnold." Hurd's only contacts related to these transactions were with "Arnold." She does not know Chiedu and never communicated with the defendant other than to send the money as instructed by "Arnold."

Hurd, who is 77 years old, resides in Las Vegas, Nevada. She was interviewed by undersigned counsel and an FBI agent in Las Vegas in September 2022. As the attached FBI report indicates, Hurd's physical condition prevents her from taking a cross-county flight to testify in New Hampshire:

> Hurd has had four back surgeries and a had a long term knee injury from an accident in 1994 where she was rear ended by a semi-truck. Hurd takes morphine for knee pain and has for approximately 9 years. Hurd took morphine for pain prior to the interview and advised the medicine does not affect her memory or cognitive ability. In 2013, while walking, a couple of months after [her husband] passed, she was hit by a car a block from her house and was thrown 18 feet into the air. Hurd advised sitting for long period of time is 'awful' and she walked with a limp. The last time she flew was approximately 19 years ago when her grandson was two years old and is Almost 21 now. Hurd advised she could not sit for a five-hour flight.

Exhibit B, FBI 302 report of Interview with Mary Hurd.

Rule 15(a) of the Federal Rule of Criminal Procedure permits a court to authorize a deposition in a criminal case when exceptional circumstances exist to warrant the deposition and taking the deposition is in the interest of justice. United States v. Bunnell, 201 F. Supp. 2d 169,

170 (D. Me 2002). In applying this standard, courts should consider whether the witness is likely to be unavailable for trial; whether injustice will otherwise result without the material testimony the witness could provide; and whether there are countervailing factors that would make the deposition unjust to the non-moving party. Id.

Here, these factors uniformly point in favor of allowing the deposition. First, Federal Rule of Evidence 804(a)(4) provides that a witness is unavailable if the witness cannot be present at trial because of a physical illness. Here, Hurd is of advanced age and has significant leg and knee injuries that make it so that she cannot fly cross country. The First Circuit has recognized previously that advanced age and health conditions that make someone unable to travel to court provides the basis for allowing a Rule 15(a) deposition. United States v. Keithan, 751 F.2d 9, 12 (1st Cir. 1984).

Second, Hurd's testimony is important to the trial because it is evidence of money laundering. To show a money laundering conspiracy based on a willful blindness theory, the government must show that the defendant "purposely closed his eyes to avoid knowing what was taking place around him." United States v. Bivins, 104 F. Apx. 892,896 (4th Cir. 2004) (holding that conspiracy to money launder can be based on willful blindness theory). Hurd's testimony that she did not speak to the defendant about any of the deposits and did not know Chiedu is important to the government's showing.

Finally, nothing about proceeding by deposition causes injustice to the defendant. Despite the defendant having retained counsel, the government will pay for reasonable travel and subsistence costs for the defendant and his lawyer for the trip to Nevada. The government proposed less burdensome options such as a virtual deposition or live zoom testimony. The defendant, however, insists on in-person confrontation. That is, of course, his right, but it will

require travel to Nevada. Selecting this course, the defendant cannot claim that having to travel is too burdensome.

For the reasons stated, the United States requests that the Court grant the United States' motion to take the Rule 15(a) video deposition of Mary Hurd. The government requests an expedited hearing on the motion so that the arrangements for the deposition, if allowed, can be made.

The defendant objects to the relief requested.

                                                    Respectfully submitted,

                                                    JANE E. YOUNG
                                                    United States Attorney

Dated: October 25, 2022            /s/ Seth R. Aframe
                                                    Seth R. Aframe
                                                    Assistant United States Attorney
                                                    53 Pleasant Street, 4th Floor
                                                    Concord, NH  03301
                                                    (603) 225-1552
                                                    seth.aframe@usdoj.gov