*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO FEBRUARY 15, 2023

```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * * * *
                                    *
UNITED STATES OF AMERICA            *
                                    *   1:21-cr-41-JL
              v.                    *   November 15, 2022
                                    *   10:16 a.m.
IAN FREEMAN                         *
                                    *
* * * * * * * * * * * * * * * * * * *


           EXCERPT TRANSCRIPT OF EVIDENTIARY HEARING
            BEFORE THE HONORABLE JOSEPH N. LAPLANTE
```

Appearances:

For the Government:      Georgiana L. MacDonald, AUSA
                         Seth R. Aframe, AUSA
                         John J. Kennedy, AUSA
                         United States Attorney's Office


For the Defendant:       Mark L. Sisti, Esq.
                         Sisti Law Offices


Court Reporter:          Liza W. Dubois, RMR, CRR
                         Official Court Reporter
                         United States District Court
                         55 Pleasant Street
                         Concord, New Hampshire 03301
                         (603)225-1442

1    (Following is an excerpt of proceedings.)
2    THE COURT:  So I'm about to -- so I'm going to give
3    an oral ruling on this, and what I'm going to ask is that the
4    court reporter prepare the transcript of this testimony,
5    including the sentence I'm speaking now, and then we'll make it
6    available to counsel.
7    I'm going to have to read from my notes a little bit
8    here to make this coherent.
9    First of all, the defendant, through testimony and
10   exhibits or argument, shall not explicitly invoke the concept
11   of jury nullification.
12   By the way, this is the ruling on the two motions,
13   documents number 196 and 210.  These are the prosecution's jury
14   nullification motions in limine, 196 and 210.
15   So there's -- there will be no argument, no
16   exhibits, no testimony invoking jury nullification.
17   The defendant may, however, introduce the following
18   evidence, assuming he clears the normal hurdles of, you know,
19   authentication, foundation, best evidence, nonhearsay,
20   et cetera.  Those aside.
21   He may introduce, number one, the fact that he owned
22   and operated Bitcoin vending machines in public locations;
23   second, the fact that New Hampshire Banking Commission
24   representatives stated in 2016 that Bitcoin vending machines
25   that operate in a certain manner need not be registered as

"money transmitters," under state law.

        Attorney Hipple's testimony unrelated to jury nullification or the like -- how will the jury be told -- how will you establish that the letter to itBit is something that Freeman was associated with, Mr. Sisti?  Can you make that linkage?

        MR. SISTI:  Your Honor, I mean, Hipple can make that linkage.

        THE COURT:  He can?  All right.  Well, subject to that --

        MR. SISTI:  Yeah.

        THE COURT:  Okay.

        MR. SISTI:  No, I mean, that' s-- it means nothing unless we can make that linkage, I agree.

        THE COURT:  But, again, Attorney Sisti may not argue for or invite jury nullification based on any of this evidence and I'm going to instruct the jury that his alleged knowledge and compliance with New Hampshire state money transmitting business rules is not a defense to these charges.

        I'll also be instructing the jury, assuming the prosecution wants these type of instructions, that a violation of the federal registration requirements for money transmitting businesses is a general intent crime, not a specific intent crime requiring willfulness or scienter.

        Again, that -- I think the -- I think the relevance

1  of this evidence is not particularly high, but it is relevant
2  and admissible basically to help understand, you know, the sort
3  of res gestae, the -- the actus reus, the conduct that went
4  into this offense and I'm just -- I'm not a believer in
5  limiting the evidence a defendant may provide about his own or
6  her own conduct unless it's just clearly manipulative and
7  misleading, and I don't put this in this category.  I don't put
8  it in the category of being highly relevant, but I do put it in
9  the category of being easily explained and contextualized on
10 one hand by the defendant in his own conduct and on the other
11 hand by the prosecution in terms of its relevance to these
12 charges.
13         Now, these rulings are made without prejudice to
14 revisiting any particular issues in response to circumstances
15 that might arise during the trial and they are limited to the
16 grounds argued by the parties.  I haven't considered arguments
17 that were not advanced and I will be, like all evidence in the
18 case, assessing other factors at trial like hearsay,
19 authenticity, the best evidence, and the like and -- and even
20 where appropriate arguments and grounds not raised by each
21 side.
22         And to the extent -- again, I'm going to be giving
23 limiting instructions.  To the extent that I rule that evidence
24 may be admitted for a limited purpose under Rule 105, limiting
25 instructions will be provided and I'll seek input from counsel

```
 1   as to what those instructions should say.
 2                I'm going to allow substantial latitude on cross on
 3   these issues that I have -- that I have recognized to have
 4   minimal relevance.  So they will -- the jury will be allowed to
 5   hear this evidence, though.
 6                Okay.  Now, so that's the ruling on that.
 7                That's the end of the transcript to be provided to
 8   counsel.
 9                             (End of excerpt.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

      I, Liza W. Dubois, do hereby certify that the foregoing transcript is a true and accurate transcription of the within proceedings, to the best of my knowledge, skill, ability and belief.

Submitted: 11/17/22          */s/  Liza W. Dubois*
                                    LIZA W. DUBOIS, RMR, CRR