UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket no. 1:21-cr-41-JL |
| | ) | |
| IAN FREEMAN | ) | |

UNITED STATES' OBJECTION TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE RULE 404(b) EVIDENCE

Defendant Ian Freeman is charged, inter alia, with conspiracy to operate an unlicensed money transmitting business, conspiracy to money launder, and tax evasion.  The government has indicated to the defendant and Court that it does not intend to proceed on certain other charges, including bank and wire fraud.  The defendant says that "all evidence related to said allegations [of bank and wire fraud] should be barred."  He further contends that this evidence would confuse the jury and constitute inappropriate Rule 404(b) evidence.

While the defendant's bare-bones motion does not indicate any particular evidence that it seeks to exclude, the government does not seek to introduce evidence that was only relevant to the bank and wire fraud charges, e.g., testimony on the materiality of false statements that the defendant made to banks.  However, merely because the government decided to forego bank and wire fraud charges does not mean that evidence of the defendant repeatedly lying to conceal his activities as an unlicensed money transmitter and money launderer should be excluded.

The evidence of the defendant misleading financial institutions about his activities is central to the remaining charges.  In short, that evidence will show Count One charges the defendant with conspiracy to operate an unlicensed money transmitting business.  To prevail on Count One, the government must prove, inter alia, that the defendant committed an overt act in furtherance on the conspiracy.  The superseding indictment specifically identifies as overt acts:

1) that the defendant opened and operated accounts at financial institutions in the name of religious organizations with the purpose of using the accounts to sell virtual currency; 2) the defendant paid others to open accounts in their names or in the names of purported religious organizations with the purpose to allow the defendant to sell virtual currency; 3) the defendant instructed customers of his money transmitting business to falsely describe deposits into their accounts as "church donations" to avoid detection.  Among other things, the evidence that the government will present is that the sole role of certain co-conspirators was to fraudulently open bank accounts in their names and in the names of purported churches for the defendant to use to run his business. That relationship is spelled out in employment contracts the defendant authored.  There could be no evidence more central to the conspiracy count than this as it is the proof of the very overt acts alleged in the superseding indictment.

The evidence about the defendant's concealment of his money transmitting business is also relevant to the money-laundering conspiracy charge.  The evidence at trial will demonstrate that the defendant needed bank accounts to operate his business to accept out-of-state wires and deposits from victims and to deposit cash that victims placed in his bitcoin ATMs.  The defendant's subterfuge in dealing with banks is relevant to show that the defendant understood that his business needed to be concealed because his conduct was illegal.  The defendant says now that he "operated in an open and notorious fashion."  But that's argument.  Evidence that the defendant, in fact, did not operate in the transparent way he now contends is relevant to whether he knew he had something to hide, i.e., the operation of an illegal money laundering business for which he needed banks to successfully operate.

Finally, the evidence of the defendant's conduct with banks is relevant to the tax evasion charges. These counts require the government to prove the defendant evaded taxes through an

affirmative act of evasion. 26 U.S.C. §  7201; <u>Kawashima v. Holder</u>, 565 U.S. 478, 487 (2012). Among the affirmative acts alleged in this superseding indictment are that the defendant: 1) opened and operated accounts at financial institutions in the names of purported churches; 2) caused virtual currency customers to deposit funds into accounts at financial institutions in the names of those churches; 3) directed virtual currency customers to conceal the nature of the funds deposited into the accounts he controlled; and 4) caused third parties to open bank accounts for him to use in his money transmitting business.  The government will introduce evidence about the defendant's bank-related conduct that directly supports each of these alleged affirmative acts of evasion.

The defendant's assertion that the bank-related evidence is Rule 404(b) evidence is entirely incorrect. As demonstrated above, this evidence is intrinsic to each of the counts on which the government is proceeding to trial and therefore the defendant is wrong to call it Rule 404(b) evidence. United States v. Epstein, 426 F.3d 431, 439 (1st Cir. 2005). There is nothing confusing about this evidence either; it relates directly to the charges that the defendant faces. Indeed, for the money-transmitting and tax evasion charges the defendant's dishonesty toward banks is directly alleged in the superseding indictment. The defendant of course does not want this evidence because it will show that part of his course of conduct was to lie to banks repeatedly and induce others to do so at every turn to conceal his illegal business. But that the evidence suggests guilt on the charges is not a reason to exclude it; it is a reason to admit it.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: November 29, 2022

By: /s/ Seth R. Aframe
Seth R. Aframe
U.S. Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH 03301