UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                       Criminal No. 1:21-cr-00041-JL
                                                       Opinion No. 2022 DNH 148

Ian Freeman


### ORDER ON DEFENDANT'S MOTION IN LIMINE

The defendant's "motion to exclude evidence of bank fraud and wire fraud at trial" (doc. no. 233) is denied. The government does not seek to introduce evidence that is only relevant to the wire and bank fraud charges that it is no longer prosecuting against this defendant. Other evidence allegedly supporting the wire and bank fraud counts may be relevant, and indeed, appears "intertwined with" and central to, other remaining counts, such as conspiracy to operate an unlicensed money transmitting business, conspiracy to commit money laundering, and tax evasion. United States v. Epstein, 426 F.3d 431, 439 (1st Cir. 2005); see also United States v. Green, 698 F.3d 48, 55 (1st Cir. 2012) ("[I]n a conspiracy case, evidence of other bad acts . . . can be admitted to explain the background, formation, and development of the illegal relationship, and, more specifically, to help the jury understand the basis for the co-conspirators' relationship of mutual trust."); Superseding Indictment (doc. no. 139) at ¶¶ 4-5, 14a-f, 37, and 40.

Moreover, the challenged evidence "concern[s] matters intrinsic to the [remaining] crime[s] charged" and thus does not "trigger" F.R.E. 404(b), as the defendant contends. United States v. Mare, 668 F.3d 35, 39 (1st Cir. 2012); see also United States v. Souza, 749 F.3d 74, 84 & n.2 (1st Cir. 2014) (noting that courts may admit "intrinsic" evidence

of other wrongful conduct to provide "the necessary description of the events leading up to" the charged crime); United States v. Buckner, 868 F.3d 684, 688 (8th Cir. 2017) ("Where evidence of other wrongful conduct is offered for the purpose of providing the context in which the charged offense occurred, it is properly considered intrinsic evidence."). The court has considered whether the probative value of this evidence is substantially outweighed by the dangers of any of the factors listed in Rule 403, and finds that it is not. Fed. R. Evid. 403.

Lastly, even if considered 404(b) evidence, the challenged evidence may be admissible for another purpose, such as proving intent, plan, preparation, knowledge, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2); Epstein, 426 F.3d at 439 ("Further, the fact that [the defendant] did not include all of his income suggests that he had knowledge of the fraudulent scheme."). And to the extent the challenged evidence presents a danger of unfair prejudice, confusing the issues, or misleading the jury, such danger does not substantially outweigh the evidence's probative value. Fed. R. Evid. 404(b); 403.

These rulings are made without prejudice to revisiting particular issues in response to circumstances that might arise during trial. Furthermore, these rulings are limited to the grounds argued in the parties' filings. The court reserves the right to assess other factors at trial, such as hearsay, authenticity, and best evidence, see Fed. R. Evid. 800 et seq., 900 et seq., and 1000 et seq., and where appropriate, arguments and grounds not raised by each side. To the extent the court here rules that evidence may be admitted for

a limited purpose, see Fed. R. Evid. 105, it will give the jury a limiting instruction upon the request of counsel at trial.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: November 30, 2022

cc: Seth R. Aframe, AUSA
     Georgiana MacDonald, AUSA
     John J. Kennedy, AUSA
     Michael T. McCormack, AUSA
     Mark L. Sisti, Esq.