UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket no. 1:21-cr-00041-JL |
| ) | |
| IAN FREEMAN ) | |
| ) | |

UNITED STATES' AMENDED MOTION FOR
TESTIMONIAL IMMUNITY FOR RENEE SPINELLA

Pursuant to 18 U.S.C. § 6003(a), the United States Attorney for the District of New Hampshire requests that the Court issue an order to compel Renee Spinella to testify in the criminal trial of Ian Freeman in the event Spinella asserts a privilege against self-incrimination to questions asked during her testimony.  As required by 18 U.S.C. § 6003(b), the United States Attorney for the District of New Hampshire, with the approval of a Deputy Assistant Attorney General for the United States, has determined that Spinella's testimony may be necessary to the public interest; and Spinella is likely to refuse to testify on the basis of her privilege against self-incrimination. See Exhibit A, September 16, 2022, Letter from Deputy Assistant Attorney General to United States Attorney Jane E. Young.

The Court's role is adjudicating this motion is limited. "Courts have clearly stated that the power to apply for immunity pursuant to 18 U.S.C. §§ 6002-03, rests solely with the Government, being confined to the United States Attorney and his superior officers." United States v. Davis, 623 F.2d 188, 193 (1st Cir. 1980).  The Court's role in the immunity process is "clearly defined." Id.  "The court may scrutinize the record to ascertain that a request for immunity is, under the statute, jurisdictionally and procedurally well-founded and accompanied by the approval of the Attorney General."  However, "under no circumstance, may a federal

court . . . determine whether an application for an immunity order is necessary, advisable, or reflective of the public interest, for the federal judiciary may not arrogate a prerogative specifically withheld by Congress." Id.; see In re Grand Jury Proceedings, 673 F. Supp. 1138, 1141 (D. Mass. 1987) (stating that the court's role is only to examine the procedures followed and not through any substantive analysis).

    Here, the government has followed the appropriate procedures under 18 U.S.C. § 6003. The United States Attorney for the District of New Hampshire has made the determinations required by 18 U.S.C. § 6003(b) and those determinations have been approved by a Deputy Assistant Attorney General. For these reasons, the Court should grant this amended motion.

    The defendant objects to the relief requested.

                                                      Respectfully submitted,

Dated: December 1, 2022                  JANE E. YOUNG
                                                      United States Attorney

                                                      By: /s/ Seth R. Aframe
                                                      Seth R. Aframe
                                                      Assistant United States Attorney
                                                      53 Pleasant Street, 4th Floor
                                                      Concord, NH 03301
                                                      Seth.aframe@usdoj.gov