UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 21-cr-41-JL |
| v. ) | |
| ) | |
| IAN FREEMAN ) | |
| ) | |

UNITED STATES' SUPPLEMENTAL JURY
INSTRUCTION REGARDING ADVICE OF COUNSEL

In my instructions on Count 2, I have told you that operating an unlicensed money transmitting business is a general intent crime. In considering whether Mr. Freeman is guilty on Count 2, you should know that it is irrelevant whether Mr. Freeman acted in good-faith reliance on the advice of counsel. So long as you conclude that the government has proven the elements I have described, including that Mr. Freeman did not register the money transmitting business as required, the reason for Mr. Freeman's decision not to register is irrelevant to your deliberations.[1]

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: December 9, 2022

/s/ Seth R. Aframe
Seth R. Aframe
Assistant United States Attorney
53 Pleasant Street, 4th Floor
Concord, NH 03301

---

[1] United States v. Bohn, 622 F.3d 1129, 1138 (9th Cir. 2010); United States v. Mihalich, 2006 WL 3499984, at *3 (N.D. Ohio Dec. 5, 2006); United States v. Cross, 113 F. Supp. 2d 1253, 1263 (S.D. Ind. 2000) (collecting authority); United States v. Smith, 7 F. Appx. 772 (9th Cir. Apr. 12, 2001); United States v. Stevens, 771 F. Supp. 2d 556, 560 (D. Md. 2011) ("Good faith reliance on the advice of counsel is only relevant to specific intent crimes because such reliance demonstrates a defendant's lack of the requisite intent to violate the law); United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1110 (E.D. Ca. 2008). United States v. French, 2014 WL 5421210, at *12 (E.D. Wash. Oct. 24, 2014); see United States v. Haisen, 790 F. Appx. 374, 377 n.3 (3d Cir. 2019); United States v. Fitzsimmons, 2003 WL 1571708, at *3 n.8 (S.D.N.Y. Mar. 26, 2003); United States v. Lord, 710 F. Supp. 615, 617 (E.D. Va. 1989). Good faith reliance on counsel, while not relevant to guilt, could be considered by the Court as a factor in mitigation of punishment. United States v. Custer Channel Wing Corp., 247 F. Supp. 481, 503 (D. Md. 1965).