UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. ) No. 1:21-cr-00041-JL<br>)<br>IAN FREEMAN )<br>_____) | |

## GOVERNMENT'S REPLY TO DEFENDANT'S
## OBJECTION TO JURY INSTRUCTIONS

The defendant objects to various proposed jury instructions submitted by the government. Chief among his these is his objection to any instruction which instructs the jury that "funds," as used in the various statutes that the defendant is charged with violating, includes bitcoin. *See* ECF No. 250 ¶¶ 1-3. The defendant contends that "no testimony has been adduced that would support the instruction." ECF No. 250. This misunderstands the role of the jury. Whether or not bitcoin is included in the statutory term "funds" is a legal conclusion, not a factual determination to be made by the jury. In fact, First Circuit Pattern Instruction 3.01 on the duty of the jury instructs, "It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court."

This issue has previously been addressed in this very case. Counsel for co-defendant Aria DiMezzo filed a Motion to Dismiss, ECF No. 176, which the defendant joined, ECF No. 177. In that motion, the defendants conceded that they were not arguing about the definition of "funds" and whether bitcoin or virtual currency falls within that definition. ECF No. 176 at 19-20. As they recognized, "[a]pplying ordinary principles of statutory construction, courts have roundly rejected that argument." *Id.* This is of course correct. *See United States v Murgio*, 209 F. Supp. 3d 698, 707 (S.D.N.Y. 2016); *United States v. Faiella,* 39 F. Supp. 3d 544, 545-46

1

(S.D.N.Y. 2014); *see also United States v. Budovsky,* No. 13-cr-368 (DLC), 2015 WL 5602853, at *14 (S.D.N.Y. Sept. 23, 2015) (18 U.S.C. § 1960 encompasses businesses that transmit virtual currency); *United States v. E-Gold, Ltd.,* 550 F. Supp. 2d 82, 88-93 (D.D.C. 2008) (same); *cf. United States v. Ulbricht,* 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) (bitcoins fall within the purview of the money laundering statute, 18 U.S.C. § 1956). The jury should be instructed on the law; the term "funds" includes bitcoin.

    The defendant also includes in his objection a reference to a statute that went into effect following the indictment. The defendant does not flesh this out but based upon statements made by counsel at trial during opening statement and on cross examination, the government understands this to be a reference to the amendment to 31 U.S.C. § 5330 that occurred in 2021. This was precisely the argument that was made by DiMezzo and Freeman, and rejected by this Court, in their Motion to Dismiss. *See* ECF 176; Minute Entry for September 1, 2022. The jury should be instructed on the law; the term "funds" includes bitcoin.

                                                  Respectfully submitted,

                                                  JANE E. YOUNG
                                                  United States Attorney

Dated: December 15, 2022

                                                  /s/ Georgiana L. MacDonald
                                                  Assistant U.S. Attorney
                                                  MA Bar # 685375
                                                  53 Pleasant Street, 4th Floor
                                                  Concord, New Hampshire 03301
                                                  603-225-1552
                                                  georgiana.macdonald@usdoj.gov

3

/s/ John J. Kennedy
Assistant U.S. Attorney
NH Bar # 19557
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
john.kennedy2@usdoj.gov

/s/ Seth R. Aframe
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552