UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                           )<br>)<br>IAN FREEMAN                         )<br>_____) | No. 1:21-cr-00041-JL |

## GOVERNMENT'S RESPONSE TO RULE 29 MOTION

Following the conclusion of the Government's case-in-chief, the defendant moved under Rule 29 for a judgement of acquittal on each of the charged counts. The Government responded orally to arguments with respect to each count. With respect to the tax evasion charges (Counts Twenty-Nine through Thirty-Two in the Superseding Indictment) the Court requested further briefing from the Government on the law of itemized deductions.

During the cross-examination of IRS Agent Colleen Ranahan, counsel for the defendant asked about whether certain itemized deductions related to the business could potentially lower the defendant's taxable income and possibly eliminate his tax due and owing depending on the deductions. During redirect examination, Agent Ranahan testified that a taxpayer must affirmatively elect to itemize their deductions in order to actually itemize those deductions. The testimony at trial was that the defendant did not file a tax return for any of the tax years charged.

26 U.S.C. § 63 defines taxable income. Subsection (e)(1) of § 63 provides that, "[u]nless an individual makes an election under this subsection for the taxable year, no itemized deduction shall be allowed for the taxable year. . . ." That election "shall be made on the taxpayer's return." 26 U.S.C. § 63(e)(2). "Given the I.R.C.'s clear statutory language, it is fairly obvious that, unless a taxpayer files a return and makes the appropriate election, he is not entitled to itemize." *Jahn v. Comm'r of Internal Revenue*, 431 Fed. Appx. 210 (3d Cir. 2011); *Maxwell v. United*

1

*States*, 80 F.Supp.2d 1352, 1354 (N.D. Ga. 1999) ("Plaintiff may not now seek to claim itemized deductions rather than the standard deduction, for Plaintiff did not elect itemized deductions on a return for tax year 1994.").

The evidence in the Government's case was that the defendant did not file tax returns for tax years 2016, 2017, 2018 and 2019. Because the defendant did not file a return, and thus did not make the appropriate election, he is not entitled to itemize his deductions for the tax years in question. That defense counsel posited an alternative set of facts on cross examination that hypothetically could have led to a different amount of tax due and owing does not entitle him to a Rule 29 judgement on the tax charges. The motion should be denied.

                                                                          Respectfully submitted,

                                                                          JANE E. YOUNG
                                                                          United States Attorney

Dated: December 19, 2022

                                                                          /s/ Georgiana L. MacDonald
                                                                          Assistant U.S. Attorney
                                                                          MA Bar # 685375
                                                                          53 Pleasant Street, 4th Floor
                                                                          Concord, New Hampshire 03301
                                                                          603-225-1552
                                                                          georgiana.macdonald@usdoj.gov

3

/s/ John J. Kennedy
Assistant U.S. Attorney
NH Bar # 19557
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
john.kennedy2@usdoj.gov

/s/ Seth R. Aframe
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552