UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

v.

Criminal No. 21-cr-41-JL

<u>Ian Freeman</u>

<u>JURY INSTRUCTIONS</u>

1

## **INTRODUCTION**

At this stage of the trial it is the duty of the court to instruct you on the principles of law that you will apply in deciding this case.  It is your duty to follow these instructions during your deliberations.  You should not single out any one instruction but instead apply these instructions as a whole to the evidence in this case.

The fact that the prosecution is brought in the name of United States of America entitles the United States Attorney to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

## JURY IS SOLE JUDGE OF FACT

As jurors, you are the sole and exclusive judges of the facts.  You must weigh the evidence that has been presented impartially, without bias, without prejudice, without sympathy. You must make a determination as to what the facts are, what the truth is, based upon the evidence presented in the case.  You will decide the case by applying the law as it is given to you in these instructions to the facts as you find them to be from the evidence.

## CREDIBILITY OF WITNESSES

Your duty as a jury is to determine what the facts are, what the truth is.  In doing that, it will be necessary for you to assess the credibility of each witness and determine what weight you will give to each witness's testimony.  By credibility we mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief.  For example:

- Consider each witness's intelligence, motive, state of mind, and demeanor, and manner while testifying;

- Consider each witness's ability to observe or to know the matters about which that witness has testified and whether the witness impresses you as having an accurate recollection of those matters;

- Consider whether the witness had any reason for telling the truth or not telling the truth, whether the witness had an interest in the outcome of the case, or whether the witness had any friendship, relationship, or animosity toward other individuals involved in the case;

- Consider the extent, if any, to which the testimony of each witness was consistent or inconsistent with itself or with the testimony of other witnesses; and

- Consider the extent, if any, to which the testimony of each witness was either supported or contradicted by other evidence in the case.

The testimony of a witness may be discredited or, as we sometimes say, "impeached," by showing that the witness previously made statements which are different from, or inconsistent with, his or her testimony here in court.  Inconsistent or contradictory statements which are made

4

by a witness outside of court may be considered only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier out of court statements. If a prior inconsistent statement was made under oath in a deposition or an interrogatory answer, however, it may be introduced not only to impeach the credibility of the witness but also as substantive evidence of the truth of the statement.

You must decide what weight, if any, should be given the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

In assessing the credibility of each witness, both under direct and cross-examination, you will assign each witness's testimony whatever weight as you deem proper. You are not required to believe the testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony of any witness. It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

## LAW ENFORCEMENT AGENTS

During the course of trial, you heard law enforcement agents testify.  You should consider the testimony of law enforcement agents in the same manner as you would consider the testimony of any other witness in the case.  In evaluating the credibility of a law enforcement agent, you should use the same tests which you would apply to the testimony of any other witness.  In no event should you give the testimony of a law enforcement agent any more credibility or any less credibility simply because of that witness's position.

## **COOPERATING WITNESSES**

During the course of trial, you also heard testimony from witnesses, Christopher Reitmann, Colleen Fordham, Renee Spinella, and Melanie Neighbours, some of whom allegedly participated in the crimes charged against the defendant and/or provided evidence under an agreement or other arrangement with the United States Attorney. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of such individuals with particular caution. They may have had reason to testify, or color their testimony, in ways that they believed would be beneficial to themselves.

In evaluating the testimony of such witnesses, you may consider any agreement or other consideration that the United States Attorney has given or may give to them to determine if it affected the way they testified and the events to which she testified. You may consider, for example, whether the witness was motivated by a desire to please the government—including the FBI, other investigators, and the United States Attorney—or by a desire to tell the truth. You may consider how a witness's hope of any future benefit as a result of any such agreement or consideration may operate to induce testimony favorable to the government and contrary to that of the defendant.

You may also consider the fact that two witnesses, Renee Spinella and Melanie Neighbours, testified under what is known as "immunity." What this means is that the United States Attorney has agreed that the testimony of these witnesses may not be used against them in any criminal case brought by the government except in a prosecution for perjury or giving a false statement. Again, as with testimony by any cooperating witness, you should consider immunized testimony with particular caution. In particular, you should consider whether or not the witness's testimony has been colored in any way because of the grant of immunity.

7

## WITNESS WITH CRIMINAL CONVICTIONS

During the course of trial, you heard evidence that a witness, Renee Spinella, has pleaded guilty to a crime related to those the defendant has been charged with.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of this defendant, Mr. Freeman, from the fact that a witness pled guilty to a different charge.  The decision by another to plead guilty is a personal decision.  You must not use that guilty plea in any way as evidence against the defendant on trial here and you must render your verdict as to the defendant solely on the basis of the evidence or lack of evidence against him, as detailed in these instructions.

You may, however, consider evidence of Ms. Spinella's guilty plea, together with other pertinent evidence, in assessing Ms. Spinella's credibility and deciding how much weight to give to her testimony.

## OTHERS WHO MAY BE UNCHARGED

To be clear, your sole task is to decide whether the government has proven beyond a reasonable doubt that the defendant is guilty of the crimes charged in the Indictment. It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for a crime. The fact that another person may be guilty of an offense is no defense to the criminal charges against this defendant.

## QUESTIONING BY THE JUDGE

During the trial, I asked questions of one or more of the witnesses who testified.  You should not infer anything whatsoever from any questions that I asked any of the witnesses in this case.  Do not assume that I hold any opinion regarding any part of this case.  You are the sole judges of the facts in this case.

## WEIGHT OF THE EVIDENCE

The weight of the evidence is not necessarily determined by the number of witnesses testifying on one or the other side of an issue. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. You may find that the testimony of a small number of witnesses on a particular issue is more credible than the testimony of a greater number of witnesses on the other side of that issue.

In reviewing the evidence, you should consider the quality of the evidence and not the quantity. It is not the number of witnesses or the quantity of testimony that is important, but the quality of the evidence that has been produced that is important. You will consider all of the evidence, no matter which side produced or elicited it, because there are no property rights in witnesses or in the evidence that is presented.

## **WHAT IS EVIDENCE**

The evidence in this case consists of the sworn testimony of the witnesses, all of the exhibits received in evidence, and any stipulations the parties have entered.  You will consider all of the evidence no matter which side produced or elicited it because neither side has an exclusive right to the testimony of particular witnesses or to the evidence that is presented.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty.

Direct evidence is direct proof of a fact, such as the testimony given by a witness about what that witness has seen, has heard or has observed, or what that witness knows based on personal knowledge. Direct evidence also includes any exhibits that have been marked.

Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, although it has not been proven directly. In other words, from examining direct evidence you may be able to draw certain inferences which are reasonable and justified in light of your daily experience. Such inferences constitute circumstantial evidence. You should feel free to reach reasonable conclusions from proven facts. Circumstantial evidence may be given the same weight by you as direct evidence.

13

## **STIPULATIONS**

You heard that the parties in this case entered into what is known as a "stipulation."

A stipulation is an agreement that you may consider certain facts to have been proven even though you did not receive testimony or other evidence as to those facts.  You may, but are not required to, accept the stipulation as proof of those facts.

## **RECORDINGS AND TRANSCRIPTS**

During the course of trial, you heard several recordings of conversations. That is proper evidence for you to consider. You were also given one transcript to read along as one of the recordings was played. As you were instructed before the recording was played, the transcript was provided merely to help you follow the recording while it was played. What you read on the transcript is not evidence; what you heard on the recording is evidence. If you believe at any point that the transcript said something different, or varied at all, from what you heard on the associated recording, you must be guided solely by what you heard on the recording and not by what you saw in the transcript. If you cannot, for example, determine from the recording that a particular word or words were spoken, or who spoke them, you must disregard the transcript insofar as that word or words, or that speaker, is concerned.

## CHARTS AND SUMMARIES

Certain charts and summaries of the evidence have been admitted in evidence. Charts and summaries are only as good as the underlying, supporting material. You should, therefore, give them only such weight as you would give to the underlying material.

## STATEMENT BY DEFENDANT

You have heard evidence that the defendant made statements in which the United States Attorney alleges he admitted certain facts. It is for you to decide (1) whether the defendant made any statements and (2) if so, how much weight to give them. In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made and any facts or circumstances tending to corroborate or contradict the statements.

## **LIMITED PURPOSE EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only.  You were instructed by the court that certain evidence was received only for a limited purpose.  You may use the evidence only for that limited purpose, and not for any other purpose.

## WHAT IS NOT EVIDENCE

Certain things are not evidence and cannot be considered by you as evidence. Arguments and statements by lawyers are not evidence. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory controls. If the law as stated by the lawyers differs from the law as stated by the court, you must take the law from the court.

You are not to be concerned with the wisdom of any rule of law as stated by the court. Regardless of any opinion that you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in this case.

Questions and objections by lawyers are not evidence, unless the witness adopts the facts set forth in the question. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by objections or by my ruling on objections. It is the responsibility of the court to rule on objections and the court has not intended to indicate in any way by its rulings or by what it has said what the verdict should be in this case. The court in this case, as in all cases, is completely neutral and impartial and leaves it to the jury to decide the case based on the facts as you find them to be and the law as the court will give it to you.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. Anything you may have seen or heard

when the court was not in session is not evidence.  You are to decide the case solely on the
evidence received at trial.

## **PRESUMPTION OF INNOCENCE**

The fact that an Indictment is returned against an individual is not evidence of that person's guilt. An Indictment is merely a formal method of accusing an individual of a crime in order to bring that person to trial. It is you the jury who will determine whether the defendant is guilty or not guilty of the offense charged based on a consideration of all the evidence presented and the law applicable to the case. Therefore, you must not consider the Indictment in this case as any evidence of the guilt of the defendant, nor should you draw any inference from the fact that an Indictment has been returned against him.

The law presumes every defendant to be innocent until proven guilty beyond a reasonable doubt. The defendant, although accused, thus begins a trial with a clean slate -- with no evidence against him. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.

The presumption of innocence alone is sufficient to acquit a defendant unless the jury is satisfied beyond a reasonable doubt that the defendant is guilty after a careful and impartial consideration of all of the evidence in the case.

21

## BURDEN OF PROOF:  BEYOND A REASONABLE DOUBT

The burden is always on the United States Attorney to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant.  That is, the defendant does not have to prove his innocence.  The law does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant enters the courtroom and is presumed to be innocent until the United States Attorney convinces you beyond a reasonable doubt that he is guilty of every essential element of the offense charged.

If the jury, after careful and impartial consideration of all of the evidence in this case, has a reasonable doubt that the defendant is guilty of the charge set forth in the Indictment, it must find the defendant not guilty.

The jury must never find a defendant guilty based on mere suspicion, conjecture, or guess.  Rather, the jury must decide the case on the evidence that is before you and on the reasonable inferences that can be drawn from that evidence.

## NO CONSIDERATION OF SENTENCING OR PUNISHMENT

You are not to give any consideration to potential punishments or sentences in deciding this case. The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict. You must decide this case based on the evidence you have seen and heard and on the law as the court gives it to you, and not on any punishment you believe the defendant might receive or could receive.

## INDICTMENT

The Indictment consists of eight counts.  Count 1 charges the defendant, Ian Freeman, with operating an unlicensed money transmitting business.  Count 2 charges the defendant with conspiracy to operate an unlicensed money transmitting business.  Count 3 charges the defendant with money laundering.  Count 4 charges the defendant with money laundering conspiracy. Counts 5-8 charge the defendant with income tax evasion—there is one count for each year from 2016 to 2019.  Count 5 relates to 2016; Count 6 relates to 2017; Count 7 related to 2018; and Count 8 relates to 2019.  I will describe those charges in more detail in a moment.

A separate crime is charged in each count of the Indictment.  The jury should consider each charge, and the evidence pertaining to it, separately.  The fact that you may find the defendant guilty or not guilty as to one or some of the counts should not control your verdict as to the other counts.

The Indictment charges that the offenses were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the defendant committed the offenses on dates reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed on or during precisely the dates charged.

The Indictment also alleges that an approximate amount of monies were involved in the crimes charged.  It is not necessary for the government to prove those exact amounts as alleged in the Indictment.

## COUNT 1 – Operating an Unlicensed Money Transmitting Business

Count 1 of the Indictment charges Mr. Freeman with operating an unlicensed money transmitting business.

For you to find Mr. Freeman guilty of this crime, you must be convinced that the United States Attorney has proven each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly controlled, conducted, managed, supervised, directed, or owned a business;

**Second**, that that business engaged in money transmitting;

**Third**, the business affected interstate or foreign commerce; and

**Fourth**, the business was unlicensed.

I will now further explain some of these elements and define some of these terms for you.

**Business.**  A business is an enterprise that is regularly carried on for financial gain.  It does not include a single, isolated transmission of money.

**Money transmitting.**  Money transmitting includes transferring funds by any and all means.  Funds includes bitcoin.  Transferring means to convey to another location or person.

**Knowingly**.  Knowingly means that the defendant was aware of the facts that establish the existence of a money transmitting business, in other words, the defendant knew that he was participating in an enterprise carried on for financial gain that involved more than a single, isolated act of transferring funds.

**Affect interstate or foreign commerce.**   The third element requires proof beyond a reasonable doubt that the money transmitting business affected interstate or foreign commerce.  Interstate or foreign commerce means the movement of goods, services, funds, or individuals between states or between the United States and a foreign state or nation.  To satisfy this element

25

the government must prove that the money transmitting business affected interstate or foreign commerce in any manner, no matter how minimal.

**Unlicensed money transmitting business.**  An unlicensed money transmitting business is a money transmitting business affecting interstate commerce that satisfies at least one of the following:

A. The money transmitting business failed to comply with the money transmitting business registration requirements under federal law; or

B. The money transmitting business involved the transportation or transmission of funds that the defendant knows to be derived from a criminal offense or intended to be used to promote or support unlawful activity.

I will explain each of these two categories further, beginning with the first one, compliance with a federal registration requirement.  Under federal law, any person who owns or controls a money transmitting business, as already defined, is required to register the business. To satisfy this category, the government does not need to prove that the defendant knew that federal law required the registration of a money transmitting business.  As long as the business was required under federal law to register with the Financial Crimes Enforcement Network (FinCEN) and failed to do so, and Mr. Freeman knew that the business was unregistered—that is, he was not under the mistaken assumption that the business, in fact, was registered with FinCEN—this element is satisfied.  Again, this element focuses on federal registration requirements.  These federal criminal charges do not involve or allege violations of state laws.

To satisfy the second category of an unlicensed money transmitting business, the government does not need to prove that the funds were derived from or intended to promote any specific criminal offense.

You may find the defendant guilty on this count if you find beyond a reasonable doubt that Mr. Freeman knowingly controlled, conducted, managed, supervised, directed, or owned a money transmitting business that affected interstate or foreign commerce, and that money transmitting business falls within one of the two unlicensed categories described above. You need not find that the money transmitting business satisfied both categories. You also need not agree unanimously on which category rendered the business unlicensed, so long as you agree unanimously that it was, in fact, unlicensed.

As a final note, this is a general intent crime. The prosecution is not required to prove the reason for, or motive behind, Mr. Freeman's actions or decisions with respect to business registration. Whether Mr. Freeman acted in good-faith reliance on the advice of counsel is not a defense to this crime.

27

**COUNT 2 – Conspiracy to Operate an Unlicensed Money Transmitting Business**

Count 2 of the Indictment charges that, from at least in and around January 2016, until about March 15, 2021, Mr. Freeman conspired with another person or people to operate an unlicensed money transmitting business.

For you to find Mr. Freeman guilty of this crime, you must be convinced that the United States Attorney has proven each of the following elements beyond a reasonable doubt:

**First**, an agreement existed between at least two people to operate an unlicensed money transmitting business;

**Second**, Mr. Freeman willfully joined the conspiracy; and

**Third**, at least one of the conspirators committed an overt act during the period of conspiracy alleged by the government, in an effort to further the conspiracy.

Now I will describe some of the elements further, beginning with the first element.

**First element.** A conspiracy is an agreement, spoken or unspoken.  It does not need to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  Thus, for the government to satisfy this element, it need not prove that there was any express or formal agreement.  It is sufficient for the government to show that the conspirators came to a mutual understanding to operate an unlicensed money transmitting business by means of a joint plan or scheme.  In determining whether there was a conspiracy, you may consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the conspirators to act together to accomplish the unlawful objective.

**Second element.** The second element asks whether Mr. Freeman knowingly, willfully, and intentionally joined the alleged conspiracy.  To act willfully means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say,

with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Mr. Freeman can be said to have willfully joined the conspiracy: an intent to agree and an intent that the underlying crime be committed.

Proof that Mr. Freeman willfully joined in the agreement must be based upon evidence of his own words and/or actions. The extent of the defendant's participation has no bearing on the defendant's guilt or innocence. Some conspirators may play major roles, while others have minor participation. Moreover, it is not required that a person be a member of the conspiracy from its very start to be a conspirator. Nor is it required that a person agree specifically to or know about all the details of the crime, or know every other co-conspirator.

The government must prove beyond a reasonable doubt that Mr. Freeman knew the essential features and general aims of the venture with the intention of accomplishing the unlawful ends.

That said, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, is not a conspirator. Similarly, mere association with a conspiracy member does not make someone a conspirator.

**Third element.** Finally, the government must prove beyond a reasonable doubt that at least one overt act was knowingly committed by at least one of the conspirators at or about the time alleged, and that the act was in furtherance of some object of the conspiracy. It is not required that the overt act itself be a criminal act. The overt act just needs to be a step that furthers or promotes the conspiracy.

The Indictment alleges the following overt acts:

a.  Between in or around May 2016 and on or about March 15, 2021, the defendant opened and operated accounts at financial institutions as personal accounts with the purpose to use them to sell virtual currency.

b.  Between in or around May 2016 and on or about March 15, 2021, the defendant opened and operated accounts at financial institutions, in the names of religious organizations with the purpose to use them to sell virtual currency.

c.  Between in or around May 2016 and on or about March 15, 2021, the defendant paid others to open bank accounts in their names or in the names of purported religious organizations with the purpose to allow the defendant to use the accounts to sell virtual currency.

d.  Between in or around May 2016 and on or about March 15, 2021, the defendant met customers on Localbitcoins.com and sold them bitcoin in exchange for fiat currency.

e.  Between in or around May 2016 and on or about March 15, 2021, the defendant operated virtual currency kiosks.

## COUNT 3 – Money Laundering

Count 3 of the Indictment charges Mr. Freeman with the crime of money laundering. The Indictment charges that, on or about August 25, 2020, in the District of New Hampshire and elsewhere, the defendant knowingly conducted a financial transaction involving property represented by an authorized agent of the United States government to be proceeds of specified unlawful activity, that is, distribution of controlled substances.  The allegation is that the transaction consisted of the exchange of $19,900 in United States dollars for approximately 1.54 Bitcoin.  The Indictment charges that the defendant conducted this transaction with the intent to conceal and disguise the nature, location, source, ownership, and control of the $19,900, which was, again, believed to be the proceeds of the distribution of controlled substances.

For you to find Mr. Freeman guilty of this crime, you must be convinced that the United States Attorney has proven each of the following elements beyond a reasonable doubt:

**First**, Mr. Freeman conducted or attempted to conduct a financial transaction;

**Second**, the financial transaction involved property that law enforcement represented to be the proceeds of specified unlawful activity, in this case the trafficking of controlled substances;

**Third**, Mr. Freeman believed that the financial transaction involved the proceeds of the specified unlawful activity, that is, the trafficking of controlled substances; and

**Fourth**, Mr. Freeman conducted or attempted to conduct the financial transaction knowing that it was intended to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity, that is, the trafficking of controlled substances.

I will now define some of these terms for you:

31

**Conduct.**  The phrase "conduct a financial transaction" appears in the first element.  The verb conduct includes initiating, concluding, or participating in initiating or concluding, a financial transaction.

**Transaction.**  The term transaction includes a transfer, delivery, or other disposition, and with respect to a financial institution, includes a deposit, withdrawal, transfer between accounts, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

**Financial Transaction.**  The term financial transaction includes any transaction, as that term has just been defined, which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means or involving one or more monetary instruments.  As I previously described, bitcoin constitutes funds.   The term financial transaction also includes any transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.  Also, as I described for Count 1, interstate or foreign commerce means the movement of goods, services, funds, or individuals between states or between the United States and a foreign state or nation.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions.  What is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.  If you decide that there would be any effect at all on interstate commerce, even minimal, then that is enough to satisfy this element.

**Represented.**  The term represented means any representation made by a law enforcement officer at the time of or before the transaction at issue.  The evidence need not show that the law enforcement officer expressly described the property involved in the transaction as

the proceeds of specified unlawful activity. It is sufficient if the government proves that the officer made enough representations to cause a reasonable person to understand that the property involved in the transaction was the proceeds of trafficking of controlled substances, which is the specified unlawful activity named in the Indictment.

**Proceeds.** The term proceeds means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

**Knowledge, belief, or intent.** One more note, regarding the required knowledge, belief, or intent behind this crime, which you heard in the third and fourth elements above. Spending or investing illegally obtained assets on its own is not a crime. For you to find Mr. Freeman guilty of money laundering, you must conclude beyond a reasonable doubt that Mr. Freeman believed that the financial transaction involved the proceeds of the trafficking of controlled substances, and that he knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the trafficking of controlled substances.

Knowledge may not ordinarily be proven directly since there is no way to directly assess the workings of the human mind. In determining what Mr. Freeman knew, believed, or intended at a particular time, you may consider any statements made or acts done or omitted by Mr. Freeman and all other facts and circumstances received in evidence that may aid in your determination of Mr. Freeman's knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

A defendant who is deliberately ignorant of a fact, sometimes called willfully blind of a fact, can be treated as having actual knowledge of the fact. Therefore, you may infer, but you are certainly not required to infer, that Mr. Freeman had knowledge of a particular fact if you find that Mr. Freeman deliberately closed his eyes to a fact that would have otherwise been obvious to him. Two things must be established before you can choose to infer actual knowledge based on willful blindness. First, the defendant must be aware of a high probability of the fact in question. Second, the defendant must consciously and deliberately avoid learning the fact in question. When considering whether Mr. Freeman was willfully blind, it is important to bear in mind that mere negligence, recklessness, or mistake are not sufficient. There must be a deliberate effort to remain ignorant, where the defendant was aware of a high probability of a fact.

### **COUNT 4 – Money Laundering Conspiracy**

Count 4 of the Indictment charges that sometime between May 2016 and March 15, 2021, Mr. Freeman conspired with another person or other people to conduct at least one financial transaction affecting interstate commerce, and the transaction or transactions involved the proceeds of wire fraud. Count 4 of the Indictment further charges that Mr. Freeman conducted the transaction(s) while knowing that the transaction(s) were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of these proceeds, and while knowing that the proceeds were from some form of unlawful activity.

In the instructions for Count 2, I have already explained to you the definition of a conspiracy. Those instructions apply here as well. However, unlike in Count 2, the conspiracy charged here, in Count 4, does not require the government to prove the existence of an overt act in furtherance of the conspiracy.

Thus, for you to find Mr. Freeman guilty of this crime, you must be convinced that United States Attorney has proven each of the following elements beyond a reasonable doubt:

**First**, two or more persons entered into an agreement or mutual understanding to launder money;

**Second**, Mr. Freeman knowingly, willfully, and intentionally agreed with one or more persons to enter into the agreement to launder money; and

**Third**, Mr. Freeman entered the agreement with the intent to further its unlawful purpose.

I will now further explain some of the elements and define some of these terms for you.

**Money Laundering.** The previous Count, Count 3, charges Mr. Freeman with money laundering. I defined the elements of that money laundering charge when explaining Count 3. There are different types of money laundering crimes, however, and they may have different

35

elements. This money laundering conspiracy charge involves a different type of money laundering than I previously described for Count 3.

In Count 3, the allegation is that a transaction occurred involving property that law enforcement represented to be the proceeds of the trafficking of controlled substances. Here, the allegation is that Mr. Freeman agreed to conduct financial transactions involving funds that were, in fact, the proceeds of a wire-fraud offense.

**Wire fraud.** Wire fraud is a scheme to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises. To be wire fraud, interstate or foreign wire communication must be used to further or execute the scheme. For example, a wire fraud would occur if it is proven, beyond a reasonable doubt, that someone fraudulently induced another person to send money to someone.

To be clear, Mr. Freeman is not charged with committing the wire fraud. He is charged with conspiring to launder the proceeds of wire fraud committed by others. Thus, the government does not need to prove that Mr. Freeman himself committed or was responsible for any wire fraud. However, the government must prove that at least some amount of the money or property Mr. Freeman conspired to launder included proceeds of wire fraud.

The government is not required to prove that all of the funds involved in the charged transactions were the proceeds of wire fraud. It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction includes proceeds of wire fraud.

Just a couple more notes on this count.

**Knowledge requirement.** For you to find the defendant guilty of money laundering conspiracy, you must conclude beyond a reasonable doubt that the defendant knew that he was

36

joining an agreement in which the financial transaction or transactions were the proceeds of some unlawful activity. You need not conclude, however, that the defendant knew that the proceeds were the proceeds of wire fraud, specifically.

You must also conclude beyond a reasonable doubt that Mr. Freeman knew that at least one purpose of the financial transaction or transactions contemplated by the agreement was to conceal or disguise the nature, location, source, ownership, or control of these unlawful proceeds.

As I described for Count 3, you may, but you are not required to, infer actual knowledge based on evidence of willful blindness, that is awareness of a high probability of the fact in question and conscious and deliberate avoidance of learning the fact in question. You can refer to the instructions for Count 3 for a fuller description of willful blindness and how knowledge, belief, or intent can be proven.

**Other members of the conspiracy.** Finally, some of the people who may have been involved in the events alleged in this Count are not on trial. This circumstance has no bearing on whether the prosecution has proven the defendant's guilt. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of the all the other conspirators are listed in the Indictment. An Indictment can charge a defendant with a conspiracy involving people whose names are not given, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not has no bearing.

## COUNTS 5-8 – Income Tax Evasion

Counts 5 through 8 of the Indictment charge Mr. Freeman with income tax evasion, that is, the willful attempt to evade either the assessment or the payment of income tax. Each count refers to an individual calendar year from 2016-2019. Count Five is for year 2016; Count Six is for year 2017; Count Seven is for year 2018; and Count Eight is for year 2019.

For you to find Mr. Freeman guilty of this crime, you must be convinced that the United States Attorney has proven each of the following elements beyond a reasonable doubt:

**First**, Mr. Freeman owed substantially more federal income tax for the year in question than he paid or was assessed;

**Second**, Mr. Freeman attempted to evade or defeat the assessment or payment of this tax;

**Third**, in attempting to evade or defeat the assessment or payment of this tax, Mr. Freeman acted willfully; and

**Fourth**, Mr. Freeman committed an affirmative act in furtherance of this intent.

I will now further explain some of the elements and define some of these terms for you.

**Willful.** Willful as used here means that the law imposed a duty on the defendant, the defendant knew of that duty, and the defendant voluntarily and intentionally violated that duty.

If Mr. Freeman acted in good faith, he did not act willfully. The burden to prove Mr. Freeman's state of mind, as with all other elements of the crime, rests with the government. This is a subjective standard: what did Mr. Freeman actually believe, not what a reasonable person should have believed. However, you may consider the reasonableness of the belief in deciding whether Mr. Freeman actually held the belief. Innocent mistakes caused by the complexity of the Internal Revenue Code or negligence, even gross negligence, are not enough to meet the "willfulness" requirement. But philosophical disagreement with the law or a belief that the tax

38

laws are invalid or unconstitutional does not satisfy good faith and does not prevent a finding of willfulness. You must, therefore, disregard views such as those no matter how sincerely they are held. It is the duty of every person to obey the law.

As I described for Count 3, you may, but you are not required to, infer actual knowledge based on evidence of willful blindness, that is awareness of a high probability of the fact in question and conscious and deliberate avoidance of learning the fact in question. Also, as I described for Count 3, knowledge may not ordinarily be proven directly since there is no way to directly assess the workings of the human mind. You can refer to the instructions for Count 3 for a fuller description of willful blindness and how knowledge, belief, or intent can be proven.

**Affirmative Act.** The defendant may not be convicted of attempting to evade or defeat the federal income tax payment on the basis of a willful omission alone, such as mere failure to file a Form 1040 or mere failure to pay the tax due; the defendant must have undertaken an affirmative act of evasion. Examples of affirmative acts that may satisfy the government's burden include, but are not limited to, the filing of a frivolous tax return that substantially understates taxable income, by the filing of a false Form W-4, or by other affirmative acts of concealment of taxable income such as keeping a double set of books, making false entries or alterations or false invoices or documents, destroying books or records, concealing assets or covering up sources of income, handling one's affairs so as to avoid keeping customary records, and/or other conduct whose likely effect would be to mislead the Internal Revenue Service or conceal income. If a motive to evade or defeat the tax assessment or payment plays any part in an affirmative act, you may consider it even if the affirmative act serves other purposes as well, such as privacy or concealment. These are illustrative, not exclusive, examples of affirmative acts.

Here, the Indictment alleges that the defendant committed the following affirmative acts of evasion: (1) obtained Employer Identification Numbers for purported churches; (2) opened

39

and operated accounts at financial institutions in the names of those churches; (3) caused virtual currency customers to deposit funds into accounts at financial institutions in the names of the purported churches; (4) directed virtual currency customers to conceal the nature of the funds deposited into the accounts he controlled; (5) caused third parties to open bank accounts for him to use for his virtual currency business; and (6) disabled "know your customer" features in virtual currency ATMs.  You must unanimously find, beyond a reasonable doubt, that the defendant committed one of these affirmative acts, but you need not unanimously agree on which of the alleged particular act or acts he committed.

## **VERDICT FORM**

In the verdict form, you will be asked to indicate whether you find the defendant "guilty" or "not guilty" of the offenses charged in the Indictment.  Remember that you may not find the defendant guilty unless you unanimously find that the United States Attorney has proven beyond a reasonable doubt each element of the crime.

## NOTE TAKING

You were permitted to take notes during this trial, and I want to remind you of the instructions I gave you about your notes.  Do not use your notes as authority to persuade other jurors.  Your notes should be used only as aids to your own memory and must not be used as authority to persuade the other jurors of what the evidence was during the trial.  You might have made an error or a mistake in recording what you have seen or heard.  In the end, each juror must rely on his or her own recollection or impression as to what the evidence was.  Your notes are not official transcripts of the testimony.

## JURY EVIDENCE RECORDING SYSTEM "JERS"

You will be able to view the documentary exhibits in this case through an electronic system called "JERS." "J-E-R-S" stands for "Jury Evidence Recording System." In your deliberation room is a plasma television. You will be able to view the exhibits from that plasma television screen. It is operated by touch. The courtroom deputy will show you a brief tutorial.

You should understand that you will also have all documentary exhibits in paper copy to examine as well. The JERS system is simply another way for you to view the exhibits. The advantage is that you can all see the exhibit on the screen and discuss that exhibit while seeing it displayed on the screen. You may consider any and all exhibits in the JERS system.

It is easy to use, especially after you see the tutorial. But, if you have a question about JERS, as with any other question you might have, **YOU MUST PUT IT IN WRITING**. Even if you need some sort of technical assistance with JERS, you will need to put your request in writing so that the court security officer can present it to me. Before resolving any of your questions, I show your written question to the lawyers.

43

## **CONCLUSION**

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to the parties.  You are to exercise your judgment and common sense without prejudice, without sympathy, but with honesty and understanding.  You should be conscientious in your determination of a just result in this case because that is your highest duty as officers of this court.  Remember also that the question before you can never be:  will the government win or lose the case?  The government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

When you have considered and weighed all of the evidence, you must make one of the following findings with respect to each crime charged:

1.  If you have a reasonable doubt as to whether the United States Attorney has proved any one or more of the elements of the crime charged, including the identity of the defendant as the perpetrator of the crime, it is your duty to find the defendant not guilty.

2.  If you find that the United States Attorney has proved all of the elements of the crime charged beyond a reasonable doubt, including the identity of the defendant as the perpetrator of the crime, then you may find the defendant guilty.

As I explained before, the punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict.

When you retire, you should elect one member of the jury as your foreperson.  That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions and arguments on the evidence and on the law.

44

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors or merely for the purpose of returning a verdict.  You should also take as much time for deliberations in this case as you consider to be necessary and appropriate.

Remember at all times that you are not partisans.  You are judges, judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  If during your deliberations it becomes necessary to communicate with the court, you may do so only in writing, signed by the foreperson or by one or more members of the jury.  Give that note to the court security officer and it will be brought to the court's attention.  No member of the jury should ever attempt to communicate with the court except by a signed writing, and the court will communicate with the jury on anything concerning the case either in writing or orally in the courtroom.  Remember that you are not to tell anyone, including the court, how the jury stands, numerically or otherwise, on the matters you are deciding, until after you have reached a unanimous verdict or have been discharged.

Nothing said in these instructions is intended to suggest or to convey in any way or manner what your verdict should be.  The verdict is the sole and exclusive duty and responsibility of the jury.

When you have completed the verdict form according to these instructions and the instructions on the form, you will have concluded your deliberations and arrived at a verdict. At that point the foreperson should sign and date the verdict form. Then notify the security officer and you will be returned to the courtroom.