# *United States District Court*
## DISTRICT OF NEW HAMPSHIRE

### United States of America

### v.

### Ian Freeman

CASE NUMBER:  1:21-cr-000041

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29.**

The Defendant requests that this honorable court dismiss all counts set forth in the above-titled matter pursuant to Rule 29 of the Federal Rules of procedure.

During the trial, the Defendant made timely motions to dismiss all matters once after the submission of the Government's case and then after all evidence has been submitted. The basis for the requests was focused on the insufficiency of evidence adduced at the trial on all counts.

### COUNT 1

With regard to Count 1, the Defendant contends that the United States' Government has failed to prove that the <u>Defendant</u> knowingly controlled, conducted, managed, supervised, directed or owned a business. Mr. Freeman denies any "business" aspect with regard to the operation of any "vending machine". Said machines were church-related and would fall outside of the scope of the controlling statute.  The same can be said for the online-sales aspect of the church's activity. All of Mr. Freeman's offers online as presented at trial stated clearly that these were church donations.  All buyers agreed to these terms when opening trades.

Additionally, the Church was not engaged in "money transmitting". The transactions involved church-owned Bitcoin. The Defendant incorporates all arguments and the pretrial <u>Motion To Dismiss</u> with regard to this aspect of our current Rule 29 motion.

The Defendant maintains that no license is required for the transactions complained of in this court as he and the church fall outside of the statute in effect at the time of the transactions. Additionally, no competent evidence regarding the conveyance of the bitcoin to another location or person was placed into evidence. No blockchain testimony was introduced. The only evidence before the jury regarding the dynamics of the transaction came from Mr. Freeman. The simple explanation being that no movement of the "Bitcoin" ever takes place.

Mr. Freeman's state of mind/intent was that he engaged in "church" activity actively, not "business" activity. Because of that state of mind, he could not "knowingly" be engaged in a "money transmitting business". That state of mind was supported by information known to him at the time. (An opinion letter by his lawyer and testimony from a banking official).

## **COUNT 2**

The Defendant incorporates all arguments made at trial and all arguments set forth in this <u>Memorandum</u> referring to Count 1.

Additionally, Mr. Freeman contends that he never "willfully joined the conspiracy". His involvement was not to act voluntarily and intelligently and with specific intent that the underlying crime be committed". His intent was to engage in lawful bitcoin vending machine activity. This activity was operated openly and

notoriously in venues open to the public and in plain view of law enforcement and regulatory agencies.  There was <u>no</u> bad purpose connected with these machines and no complaints from the owners of the business where the machines were located nor anyone utilizing the machines came to light during the trial.

In regard to the online-sales aspect, Mr. Freeman was a top-seller on localbitcoins.com, a site open and readily accessible. What little negative feedback Mr. Freeman received on localbitcoins.com could not even bring his positive rating down to less than 100%.

### COUNT 3: MONEY LAUNDERING

The Defendant incorporates all arguments of relevance made in this Memorandum regarding Counts 1 and 2 along with all arguments that the government failed to adduce sufficient evidence to support a conviction on Count 3.

Count 3 is the so-called undercover purchase of Bitcoin at a Keene-area Bitcoin vending machine. First and foremost, Freeman by all accounts did not conduct nor attempt to conduct a financial transaction. The evidence is that Freeman specifically told the I.R.S. agent that he could not do business with him, as he (the agent) had informed Mr. Freeman of the illegal nature of his (drug dealing). Approximately a month later the agent in a 5-7 second exchange at a location 30 miles away from Keene, NH inquired as to whether he could use the Bitcoin vending machine in Keene. Mr. Freeman's immediate response was that no, he could not say he could do that.  That is the essence of the exchange. Additionally, prior to this interaction and prior to Freeman being informed of the drug dealing nature of the agent, Freeman had lowered his fee from 14% to 10% on

the Bitcoin purchase. Evidence was adduced at the trial that Freeman could monitor the machines remotely to allow for such a reduction.

The agent apparently purchased approximately $20,000.00 in bitcoin. No evidence was introduced that at all indicated that Freeman was at the scene of the purchase. No evidence was introduced that Freeman remotely monitored the purchase. No evidence was introduced that Freeman reduced his fee for said purchase. No evidence was introduced that Freeman was subsequently informed of the purchase being made by the agent and no evidence was introduced that Freeman lowered his fee because of said purchase.

There was evidence that Mr. Freeman was in contact with the agent in some way regarding a New Year's Eve party. No communication referred to a $20,000.00 purchase. The Federal Government failed on every element of Count 3.

## COUNT 4

The Defendant incorporates all arguments made so far in this memorandum and all arguments and citations set forth in the Pre-trial <u>Motion To Dismiss</u>. Mr. Freeman denies any knowing and willful intent to agree with any individual to enter into an agreement to launder money. He denies any intent to do any unlawful act.

The Trial began with no allegation that Mr. Freeman was a scammer. In fact, evidence was introduced to indicate that on occasion he aided law enforcement with investigating and aided or attempted to aid people that were victimized to get their money back.

No individual was called to testify that they agreed with Mr. Freeman to commit any unlawful act. No individual testified that Mr. Freeman requested them to engage in any unlawful activity.

Count 4 fails because of insufficient evidence introduced at trial and evidence adduced that was contrary to the specific knowledge requirement of this offense. The proprietor of the Country Store and Renee Spinella both clearly testified that they did not agree to do anything illegal with Ian Freeman and specifically neither testified that they agreed to launder money.

## **COUNTS 5-8 TAX EVASION**

All four (4) tax evasion counts fail as the federal government introduced insufficient evidence to support the elements of the offense.

First and foremost, the government failed to prove that Freeman "owed substantially more federal income tax for the years in question than he paid or was assessed". The Internal Revenue Service never "assessed" the tax allegedly owed by Mr. Freeman. No <u>actual</u> tax deficiency has ever been calculated by any government agency with any degree of accuracy. No audit of Ian Freeman was ever done and any tax liability attributed to Mr. Freeman is set forth through speculation and absence of documentation.

The facts introduced by the representative from the I.R.S. in essence were that the I.R.S. never requested that Mr. Freeman appear for an interview or audit; that such letters routinely are sent out to individuals regarding questionable income tax deficiencies and that to this day no request for documents of Mr. Freeman's or any specific explanation of his tax status has been made.

The I.R.S. representative merely utilized "standard deductions" after looking at sparse data to conclude there was a deficiency. No inquiry as to whether the "income" was that of a church was made.

At the conclusion of her testimony, the I.R.S. accountant agreed that Mr. Freeman may not owe taxes.

Ian Freeman did not evade, nor did he defeat the assessment or payment of tax. It is agreed that he did not file. The mere fact of his lack of filing is not evasion. His lack of filing is not avoiding payment. Especially when to this date we do not know what his tax liability would be. In other words, the bill hasn't been presented to him.

## **CONCLUSION**

For the reasons contained in this Memorandum and for any other reason set forth during the pre-trial motion to dismiss as well as the Rule 29 Motions at trial the court should rule that the government failed to introduce sufficient evidence to support convictions on all counts.

Therefore, a judgement of acquittal should be declared.

**January 19, 2023**

_____    /s/ Mark L Sisti_____
*Date*                          *Signature*

                                 Mark L.Sisti_____
                                *Print Name*

                                        387 Dover Road_____
                                *Address*

                                        Chichester, NH    03258_____
                                *City                State        Zip Code*

(603) 224-4220
*Phone Number*

## CERTIFICATION

I hereby certify that a copy of this filing was forwarded to Seth Aframe, Esq. and Georgiana MacDonald, Esq of the U.S. District Attorney's Office, electronically through EFC on January 19, 2023.

**January 19, 2023**

*Date*

/s/ Mark L Sisti
*Signature*

Mark L. Sisti
*Print Name*