UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )    21-cr-00041-JL<br>)<br>IAN FREEMAN    ) | |

<u>UNITED STATES' OBJECTION TO MOTION TO MODIFY RELEASE CONDITIONS</u>

The defendant stands convicted by a jury on charges of money laundering, conspiracy to commit money laundering, operating an unlicensed money transmitting business, conspiracy to do the same, and four counts of tax evasion. Following his conviction, the Court granted the defendant release pending sentencing with several conditions, including electronic location monitoring, computer and electronic device monitoring, and home detention. The defendant, two months away from his sentencing date, now faced with a presentence investigation report that calculates his advisory guideline sentence as 360 to 840 months in prison and having attended and watched this Court sentence his co-defendant and co-conspirator Aria DiMezzo to prison. Now, with it seeming likely that the defendant will receive a substantial prison sentence, the defendant seeks to modify his conditions of release to remove the condition of home detention. The defendant's motive to flee is now substantial. This is not the time to reduce the defendant's conditions. The Court should deny the motion.

The defendant's pre-sentence release is not the norm under the statutory framework of the Bail Reform Act. Once a defendant has been found guilty of an offense and is awaiting sentencing, the statutory presumption is that he will be detained. 18 U.S.C. §3143(a)(1). It is only if a defendant can show, by clear and convincing evidence, that they are not likely to flee or pose a danger to the safety of any other person or the community that a court may order release. Following his conviction, the Court expressed concerns about the defendant's history of

1

conforming his conduct "to the unlawful side of the law in an attempt to look like [he is] complying with the law." Freeman Trial Trans. December 22, 2022, 13.  The Court also found that "there's access to resources here that could sustain someone in flight." *Id.* at 16. Nonetheless, the Court granted the defendant release pending sentencing with several pretrial conditions, including home detention.

The defendant offers no justification for why home detention should be removed, other than to note that he has been supervised for four months post-conviction without incident.  That the conditions are keeping the defendant compliant is hardly justification to remove those conditions. *See United States v. Lafrance*, No. 16-10090-IT, 2016 WL 3882845, at *3 (D. Mass. July 13, 2016) ("[C]omplying with conditions of release is not a change in circumstances. Rather, it is merely doing what Defendant himself agreed to do and what the law requires he does.  Defendant would face revocation if he failed to comply with his conditions of release."); *United States v. Falcetti*, No. 02 CR 140(ILG), 2002 WL 31921179, at *1 (E.D.N.Y. Oct. 31, 2002) ("Conditions of bail should properly be modified if a substantial change in circumstances as they existed at the time bail was fixed is clearly shown.  No such change is shown here and [the] motion is denied.").

From a practical standpoint, it is unclear how much the home detention condition actually confines the defendant to his home.  Probation has taken a fairly liberal interpretation of the exception to home detention for employment.  The defendant frequently leaves his home in order to attend events for his radio show.  The defendant has attended multiple hearings here at the federal court, including *SEC v. LBRY, Inc.* before Judge Barbadoro and *United States v. DiMezzo* before this Court.  He has attended a multiday trial at the Concord District Court.  He attended the New Hampshire Liberty Forum over three days in March.  He was allowed to stay overnight

in Manchester, away from his home. He has been granted permission to go out to dinner on numerous occasions with his wife's parents, to attend meetings at Taco Beyondo, to go grocery shopping, and go out to dinner in the community. It appears that the latest request is driven by the defendant's desire to attend a convention on Long Island that will require an overnight and to broadcast from PorcFest, a camping event and festival put on by the Free State Project from June 19 to 25.

While the defendant undoubtedly prefers greater freedom of movement, the fact remains that he stands convicted of multiple felonies that call for a lengthy prison sentence. Far from a substantial change in circumstances warranting lesser conditions, if anything, circumstances have changed in such a manner that the Court would be justified in imposing stricter conditions. The defendant's initial Guideline Sentencing Range is 360 to 840 months in prison. *See United States v. Hallinan*, 318 F.Supp.3d 728, 733 (E.D. Pa. 2018) (finding that a substantial sentence provides an incentive to flee and that the defendant's lack of remorse and contrition make it unlikely that the defendant is ready to accept a lengthy term of imprisonment as just punishment). He was present for the sentencing of Aria DiMezzo, where this Court, in sentencing DiMezzo to a below-guidelines sentence of 18 months informed DiMezzo that if she had been convicted of money laundering she would have received a much more serious sentence.

And the defendant's very presence in the community poses a danger to others and the community. The Government has learned that on May 4, an individual claiming to be a victim of Freeman's operation traveled to Freeman's residence to confront Freeman over his lost money. Freeman, unsurprisingly, was not home. Freeman's wife became concerned about this individual and went next door—as the Court is aware 73 and 75 Leverett Street are part of the same building, all owned by Freeman—to seek assistance from the resident at 75 Leverett Street.

As the Court is aware from the trial, this individual owns several high-powered firearms that were the subject of much back and forth at trial. The resident from 75 Leverett emerged and at some point produced a firearm, which he pointed at the other man and demanded that he leave. Keene Police Department is currently investigating this matter. This confrontation is not an entirely unexpected event. "[D]etaining defendants who have been found guilty beyond a reasonable doubt of serious crimes . . . promotes public safety by removing a presumptively dangerous person from the community; it also encourages general respect for the law by signaling that a guilty person will not be able to avoid or delay imposition and service of the sentence prescribed by law." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004); *see also Jones v. United States*, 463 U.S. 354, 364 (1983) ("The fact that a person has been found, beyond a reasonable doubt, to have committed a criminal act certainly indicates dangerousness."). As the Second Circuit notes, the interest in ensuring that guilty persons receive and serve their sentences was a significant impetus to the enactment of § 3143. *Abuhamra*, 398 F.3d at 320 (citing Senate Report which states "release of a criminal defendant into the community after conviction may undermine the deterrent effect of the criminal law").

      The defendant's sentencing hearing approaches. His Guideline Sentencing Range is nearly off the chart. He faces near certain prison time. As the Court has found, he has access to resources that could sustain him in flight. And as noted, his very presence in the community creates a danger to others and the community. The defendant's incentive to flee is nearing its apex. He has shown no substantial change in circumstances that warrants removing conditions of his release. The Court should deny the motion.

                                    Respectfully submitted,

                                    JANE E. YOUNG
                                    United States Attorney

Dated: May 11, 2023

                                  /s/ John J. Kennedy
                                  Assistant U.S. Attorney
                                  NH Bar # 19557
                                  53 Pleasant Street, 4th Floor
                                  Concord, New Hampshire 03301
                                  603-225-1552
                                  john.kennedy2@usdoj.gov

                                  /s/ Seth R. Aframe
                                  Assistant U.S. Attorney
                                  53 Pleasant Street, 4th Floor
                                  Concord, New Hampshire 03301
                                  603-225-1552