# *United States District Court*
## DISTRICT OF NEW HAMPSHIRE

### United States of America

### v.

### Ian Freeman

### CASE NUMBER: 1:21-cr-000041

### RESPONSE TO UNITED STATES' SUPPLEMENTAL RULE 29 OBJECTION

*NOW COMES* the defendant, Ian Freeman, by and through counsel, Mark L. Sisti, Esq. and respectfully Responds to the United States' Supplemental Rule 29 Objection with respect to this matter.

The undercover officer executed a transaction at the bitcoin kiosk. He did it while Ian Freeman was more than twenty (20) miles away from it with currency not shown to Ian Freeman. He did it while Ian Freeman was <u>not</u> monitoring the machine. He did it in an amount not disclosed beforehand to Ian Freeman. He did what he did and <u>never</u> confirmed with Ian Freeman that he <u>in fact</u> utilized the machine that evening. The transaction was never discussed with Ian Freeman nor with any of Ian Freeman's friends or acquaintances. Mr. Freeman never knew of the transaction.

The Government ignores the fact that <u>prior</u> to the agent disclosing that his currency was derived from drug dealing, Mr. Freeman allowed the use of the kiosk and, in fact, gave the agent a discounted rate. Once the "drug" connection was disclosed, no such discount was offered, and no permission was given to the agent to conduct any further transaction.

The Government fails to quote the discussion between Mr. Freeman and the agent accurately and completely. The actual full quote and context was "I can't tell you that you can use that, okay?" and the agent actually responds "ok, alright." (See Defendant's Trial Exhibit L-5 and Government's Exhibit 610A). The context of that oral discussion came <u>after</u> Mr. Freeman, in a telegram chat, told the agent he would <u>not</u> sell to him.

It is also clear that Mr. Freeman believed that the agent, in fact, was an agent. He testified to that at Trial and his suspicion was correct. Mr. Freeman testified he was already aware that FBI agent Thibaut had approached Andy and Renee Spinella in 2018 regarding his bitcoin sales, so he knew he was under investigation, and he was also aware of the pattern of other cases against localbitcoins sellers wherein every case involved an undercover agent posing as a heroin dealer. He knew better than to fall for that trick and knew anyone claiming to be a heroin dealer was likely an undercover agent. The fact that he has no I.D. requirements is because of Mr. Freeman's honest adherence to an individual's right to privacy. Additionally, there is <u>no</u> mandate that a person's identity be disclosed at kiosk vending machines.

The cash by mail discussion took place in April of 2020. (Government Exhibit 606). That was well before the agent discussed the "drug money" aspect, which was on June 20, 2020. The cash by mail assertion by the Government is meritless in this context.

The Government's Supplemental Objection in many ways explains why the money laundering case should not have been submitted to the Jury. It allowed for speculation and assumptions on the Jury's part that cannot be supported by any objective fact or act. The bottom line is that for Mr. Freeman to be found Guilty, he would have had to have actual knowledge of <u>the</u> transaction. He would have to know that on that night, at that kiosk, that the

agent inserted U.S. currency into the machine and an actual transaction successfully took place. The record is devoid of such evidence. Even after that night, Mr. Freeman and the agent were in contact. No reference to any transaction for approximately twenty thousand dollars ($20,000.00) was discussed in person or by text or email. No confirmation of such a transaction was even hinted at by the agent.

The conclusion that must be drawn is that no discussion took place afterwards because Mr. Freeman expected that the agent listened to Mr. Freeman and was not given permission to use the machine. The Government raises arguments to the effect of "why didn't Mr. Freeman more clearly deny the use of the machine to the agent?" That argument cuts both ways; why didn't the agent clearly say he was going to Keene to specifically utilize the machine? Why didn't the agent make a reference to his purchase to Mr. Freeman after the fact? Mr. Freeman refused to conduct a transaction after the agent claimed to be a drug dealer, then a month later, when the agent tried again, Mr. Freeman did not give the agent permission to use the machine to which the agent indicated he understood. Mr. Freeman did not conduct or attempt to conduct a transaction with the agent, so the government failed to present any evidence to meet the first element required for conviction. Further, per his testimony, knowing at the time of the active investigation and knowing how other, similar cases had gone, Mr. Freeman did not believe the agent's claim that was a drug dealer, meaning the prosecution failed to prove the third element required for conviction.

The Rule 29 Motion was made after the close of the Government's case and again at the close of all the evidence. Insufficient evidence was adduced to allow a Jury to consider the money laundering charge. To permit the case to go to the Jury allowed the Jury to base a conviction on speculation and conjecture. The Rule 29 Motion should be granted.

                                                Respectfully Submitted,

Dated:  July 6, 2023　　　　　　　　　　　　/s/ Mark L. Sisti, Esq.
　　　　　　　　　　　　　　　　　　　　　Mark L. Sisti, Esq.
　　　　　　　　　　　　　　　　　　　　　NH Bar No.:  2357
　　　　　　　　　　　　　　　　　　　　　Sisti Law Offices
　　　　　　　　　　　　　　　　　　　　　387 Dover Road
　　　　　　　　　　　　　　　　　　　　　Chichester, NH 03258
　　　　　　　　　　　　　　　　　　　　　(603) 224-4220
　　　　　　　　　　　　　　　　　　　　　info@sistilawoffices.com

## CERTIFICATION

     I hereby certify that on this 6th day of July 2023 that a copy of the foregoing Response to United States' Supplemental Rule 29 Objection has been forwarded to Seth Aframe, Esq. and Georgiana MacDonald, Esq of the U.S. District Attorney's Office, through the Court's electronic filing system.

　　　　　　　　　　　　　　　　　　　　　/s/ Mark L. Sisti, Esq.
　　　　　　　　　　　　　　　　　　　　　Mark L. Sisti, Esq.