# *United States District Court*
## _____DISTRICT OF NEW HAMPSHIRE_____

### United States of America

### v.

### Ian Freeman

### CASE NUMBER:  1:21-cr-000041

### OBJECTION TO GOVERNMENT'S MOTION FOR MONEY FORFEITURE MOTION

In response to the Government's Motin for Money Forfeiture, the defendant states as follows:

The Government's request would amount to an unconstitutional taking as the request is excessive and violative of the 8th Amendment of the Federal Constitution.  The calculations far exceed monies that were or can be identified as monies from Ian Freeman.

In fact, the calculation includes all monies traced or identified as being the subject of the alleged "money transmitting business."  The vast majority of that money is not, and never was, Ian Freeman's money and was the money of others that gained something of value with said money.  Something of value was exchanged for something of value.

This is not an extortion case nor is it a case where a jury made a specific finding of the amount that would be forfeitable.  The mere fact that the Government could count <u>all</u> money in different bank accounts does not identify that money as coming from a "money transmitting business."

If the Government were honestly attempting to analyze what penalty or taking is appropriate, then the Government should be focusing on what amounts involved the alleged

scammers. A sweeping overlay of all money in all accounts related to Freeman necessarily incorporates non-money transmitting into that total as well as Freeman's and the churches own legitimate investments and returns on bitcoin, etc. procured prior to any actionable date in this prosecution.

It also ignores other sources of deposits into the accounts from advertising, etc. a true amount should be calculated on what the profit would be to Freeman. This was not how the outlandish amount requested was determined.

Where legitimate people were buying legitimate bitcoin for themselves, that amount has no business in being attributed to Freeman's money.

It is also curious that this extremely high amount requested is being targeted against Ian Freeman. One could argue that no other co-defendant in this case was hit with such an extreme amount requested. The trial penalty is clearly on display when it comes to handling of Freeman's situation.

When a buyer wants to buy and gets what he or she asks for, what rational argument can be made that Freeman should shoulder the total amount of that transaction. The request by the Government is disproportional to other similarly situated co-defendants and others and is beyond the extent permitted by the Constitution.

Additionally, the defense in Freeman's case also extends to the premise that Freeman was not involved in a "money transmission business." That issue has already been preserved for review and is reasserted in this response to the Government's forfeiture motion.

A full hearing should take place wherein the Government must prove the segregated amount attributed to Freeman's monies not the all-encompassing total of all bank accounts.

The segregated amounts of "scammed individuals" should also be a point of calculation for the Court to arrive at a constitutionally supported forfeiture.

The Government's request is violative of the 8th Amendment wherein "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment <u>inflicted</u>.

Respectfully Submitted,

Dated:  <u>August 3, 2023</u>

/s/ Mark L. Sisti, Esq.
Mark L. Sisti, Esq.
NH Bar No.:  2357
Sisti Law Offices
387 Dover Road
Chichester, NH 03258
(603) 224-4220
info@sistilawoffices.com

## CERTIFICATION

I hereby certify that on this 3rd day of August 2023 that a copy of the foregoing <u>Objection to Government's Motion for Money Forfeiture Motion</u> has been forwarded to Seth Aframe, Esq., Georgiana MacDonald, Esq and John Kennedy, Esq., of the U.S. District Attorney's Office, through the Court's electronic filing system.

/s/ Mark L. Sisti, Esq.
Mark L. Sisti, Esq.