UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*                                             \*
\*   United States of America   \*
\*                                             \*   No. 1:21-cr-00041-JL
\*         v.                 \*
\*                                             \*
\*       Ian Freeman           \*
\*                                             \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MEMO IN SUPPORT OF A BOOKER VARIANCE

The defendant, Ian Freeman, stands convicted of Conspiracy to Operate Unlicensed Money Transmitting Business, Operation of Unlicensed Money Transmitting Business, Conspiracy to Commit Money Laundering and Attempt to Evade or Defeat Tax.

### NATURE OF THE DEFENDANT

Ian Freeman has been an open advocate of the utilization of cryptocurrency almost from its inception. He has operated, in plain sight, in the Keene area as well as the entire State of New Hampshire for over a decade. Local law enforcement, as well as the FBI, have focused on him and his involvement in Bitcoin transactions between 2014 until, and including, 2021. He has operated Bitcoin vending machines in various locations without complaint by the users of the machines nor the owners of the businesses where the machines were located.

He is not a scammer. In fact, the Government does not claim he is a scammer nor does the Government contend that he was either an accomplice to any scammer or a co-conspirator with any scammer.

Ian Freeman is well known in his community as a peace advocate. 79 letters have been submitted with this Memo to attest to his character. They include letters from combat veterans,

former law enforcement personnel, elected political figures, business owners and operators as well as friends and family and loyal listeners of his syndicated radio show. (See Appendix A).

Ian Freeman poses no danger to the community. He has no history of violence. After his arrest, he was incarcerated for over sixty (60) days. Upon his release, he re-entered the community and has substantially complied with the terms of his release. He has attended all Court proceedings without a problem and has been respectful during all proceedings, including his jury trial. After his conviction, he was once again released with conditions into the community. He has complied with the terms of his release and has had no adverse contact with law enforcement of any kind.

Ian was known as a community asset. (See letters generally). He was known as a Church Leader and has contributed to various charities and civil oriented events. He donates his time to others educating them on the use and investment of cryptocurrency and does that without expectation of payment of any kind.

## THE OFFENSES

As stated previously, the Government itself concedes that Freeman is not a scammer. He contends that he not only is not a scammer but has actually aided law enforcement in Texas and California. He actively aided individuals in avoiding scams and on occasions has worked to help people seek return of their money from scammers.

He believes that he was not illegally operating the Bitcoin vending machines and has challenged whether the operation was contrary to the then existing law and FinCEN regulations.

It is believed that no banking institution ever lost a dime due to any of Freeman's activity. Additionally, Freeman agrees with U.S. Probation in that he owes no restitution to any individual party in this litigation. In essence, no monetary loss to any institution; no monetary loss to any

citizen. Although a good deal of money went through Freeman's bank accounts, the Government has calculated an incredibly extraordinary amount interpreted as "profit" to Freeman. This has been fully addressed in the present Forfeiture Objection.

As the Court is aware, not all federal crimes are equal in severity or impactful on society. This is a non-violent criminal proceeding. No guns. No drugs. No underage sex. No terrorism. No obstruction of Governmental process. No taking advantage of the public trust.

## REASONABLENESS OF THE PUNISHMENT

Can Ian Freeman be released into the community within a short period of time? The answer is of course. U.S. Probation has already answered that question by successfully monitoring his activities on a day-to-day basis for over two (2) years. He is monitored with regard to his movement and his activity on his electronic devices. No individual has voiced any complaint with regard to his presence in the community. He continued to openly express his viewpoints and those of others on his daily radio broadcast. He continues to reside in his house in Keene without incident.

If the message the Court wishes to send to Ian is that he must be punished, then the Court should take into account the time he has already served, and the punishment meted out with regard to the co-defendants in this case. Most co-defendants have received either no time resolutions or a time served resolution. One co-defendant received a fine and approximately eighteen (18) months of incarceration. Like Ian, none of the co-defendants were scammers. Like Ian, they were non-violent offenses, and, like Ian, they were able to join the community without incident after Sentencing. (One co-defendant remains incarcerated for a short period of time).

Ian did take his case to Trial before a Jury. There should be no trial penalty. Because he chose to challenge the Government, he was successful in having a Rule 29 Motion Granted regarding a Money Laundering charge. He also believes that he has issues of merit regarding the Tax case and the <u>Motion to Dismiss</u> that will be reviewed by the 1st Circuit.

The Sec 3553(a) Guidance can be actualized by a short period of incarceration, in line with co-defendants in this case, a period of supervised release and a reasonable forfeiture computation.

Ian has never been incarcerated for any truly significant period of time and certainly not for a felony conviction. The message to him has been made. The prosecution impacted his life in an extremely significant fashion. The arrest itself was horrifying to him, his wife and his friends. The restrictions on his day-to-day lifestyle have been impactful and the goal of deterrence has been a lesson learned.

The general deterrence goal regarding this type of activity has also been addressed. His trial was well attended, and the conviction was certainly communicated to the community. Ian, after all, was certainly the most well-known advocate of cryptocurrency transactions in the State. Since his arrest, prosecution and conviction, present counsel is unaware of any other case being prosecuted or pursued in this jurisdiction.

The present Guideline calculation overstates the seriousness of this particular offense and ignores the profile of this defendant. There is no need for excessive incarceration when it is clear that Freeman can safely exist in the public domain. The totality of factors that go into a proper downward variance certainly favor Ian Freeman in this matter.

        Respectfully Submitted,

Dated: September 1, 2023       /s/ Mark L. Sisti, Esq.
Mark L. Sisti, Esq.
NH Bar No.: 2357
Sisti Law Offices
387 Dover Road
Chichester, NH 03258
(603) 224-4220
info@sistilawoffices.com


/s/ Richard Guerriero, Esq.
Richard Guerriero, Esq.
N.H. Bar ID. 10530
Law Clerk: Oliver Bloom
Lothstein Guerriero, PLLC
Chamberlain Block Building
39 Central Square, Suite 202
Keene, NH 03431
(603) 352-5000
richard@nhdefender.com

## CERTIFICATION

I hereby certify that on this 1st day of September 2023 that a copy of the foregoing Defendant's Memo in Support of a Booker Variance has been forwarded to Seth Aframe, Esq., Georgiana MacDonald, Esq and John Kennedy, Esq., of the U.S. District Attorney's Office, through the Court's electronic filing system.


      /s/ Mark L. Sisti, Esq.
Mark L. Sisti, Esq.