UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket no. 1:21-cr-41-JL |
| ) | |
| IAN FREEMAN ) | |
| ) | |

UNITED STATES' OBJECTION TO DEFENDANT'S MOTION FOR NEW TRIAL

In this pleading, like so many others that preceded it, the defendant misrepresents the counts on which he was convicted. He continually describes this case as a regulatory offense, focusing on the § 1960(b)(1)(B) money-transmitting conviction.[1] The defendant repeatedly ignores the charge that was the epicenter of the trial – conspiracy to a commit money laundering premised on the theory that the defendant knew that he was laundering millions of dollars in scam proceeds. That conviction has never been seriously challenged; most of the time the defendant just pretends it does not exist.[2]

---

[1] It is worth noting that the defendant was convicted not only of failing to register under § 1960(b)(1)(B), but was also convicted of transmitting funds known to him to have been derived from a criminal offense, § 1960(b)(1)(C). Transmitting criminal proceeds through a money transmitting business can hardly be described as a regulatory crime no matter how many times the defendant says otherwise.

[2] There is a serious argument that this motion is not timely. Rule 33 motions must be filed within 14 days of the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2). Here, that date passed in early January 2023, and the defendant filed no such motion. The advisory committee notes to the 2005 amendment suggest that, in these circumstances, the defendant should have preserved his rights by filing a motion to extend time to file a Rule 33 motion until after the Rule 29 motion was resolved. But even excusing that failure, this Court alerted the parties on July 28, 2023, via text order, that it intended to grant the Rule 29 motion on the substantive money-laundering court. The Court issued its formal, written ruling on August 22, 2023. The defendant did not file a new-trial motion until the night of September 5, 2023, well after the 14 days from the Court's text order. The defendant therefore had the information necessary to make his evidentiary spillover argument as of July 28 at the latest. Nevertheless, the defendant has delayed until less than a week from the sentencing to ask for a new trial. That is too late.

Following the trial, this Court granted a Rule 29 motion on the substantive money-laundering charge involving the undercover officer's deposit of supposed drug proceeds into the defendant's bitcoin kiosk. After that ruling, the defendant moved for a new trial, asserting prejudicial evidentiary spillover. He argues that the government's references to money laundering based on the evidence derived from the undercover's contacts with the defendant had the effect of making "otherwise regulatory violations seem more reprehensible." Def. Mot. at 2. This is a continuation of the defendant's head-in-the-sand approach to the post-verdict litigation. The defendant <u>was</u> and <u>remains</u> convicted of money-laundering conspiracy.  By far the most serious charge in this case was the contention that the defendant knowingly operated his money-transmitting business to launder funds. Virtually all the evidence admitted involving the undercover was probative of the money-laundering conspiracy charge which remains undisturbed.[3]  Thus, this evidence would have been admissible as statements of the defendant even if the government had not pursued a charge based on the undercover's deposit of funds into the defendant's kiosk.

The defendant's claim is premised on the doctrine of prejudicial spillover. Prejudicial spillover "occurs when the evidence attempted to prove a charge as to which the defendant was acquitted was so extensive, inflammatory, and prejudicial that it necessarily spilled over into the jury's consideration of his guilt on other charges." <u>United States v. Correia</u>, 55 F.4th 12, 36 (1st Cir. 2022). The burden to prove prejudicial spillover rests with the defendant.  <u>Id</u>. And that burden is high: the defendant must show "a serious risk that the joinder of offenses compromised

---

[3]     The evidence was also probative of the § 1960(b)(1)(C) for transmitting known criminal proceeds, which as noted earlier, is hardly a regulatory offense and remains undisturbed.

a specific trial right or prevented the jury from making a reliable judgment about guilt or innocence" such that "a miscarriage of justice looms." Id.

With a proper understanding of the charges and evidence, the defendant's claim is not remotely persuasive. The government's overall case was premised on the notion that the defendant established and ran a money-transmitting business in which he converted fiat currency to bitcoin with knowledge that he was doing so to convert criminal proceeds into hard-to-detect bitcoin. The theory of the government's money-laundering conspiracy charge was that the defendant's conspired with various criminals and confederates to conceal the original illegally-derived proceeds.

Some of the evidence demonstrating the defendant's unlawful intentions for his money-transmitting business derived from statements the defendant made to the undercover, which were admissible under Fed. R. Evid. 801(d)(2)(A). For example, the defendant explained to the undercover that old ladies place $40,000 into his kiosks and that people use the kiosks to send money to romantic interests in Africa. Given the defendant's description of romance scams on his radio show, which was admitted into evidence, these admissions were probative of the defendant's overall intention to launder money. The defendant also made admissions to the undercover on how the kiosks were manipulated to permit users to input money anonymously which was an essential feature of the defendant's scheme to conceal his laundering activity. In addition, and perhaps most importantly, when the defendant learned that the undercover was interested in using the defendant's services to convert criminal proceeds into bitcoin, the defendant emphasized that he could not do that "KNOWINGLY" because he was afraid that law enforcement would detect his wink-and-nod scheme.

All this evidence was admissible to prove <u>both</u> the conspiracy to commit money-laundering and the substantive money-laundering charge involving the undercover. According to the Court, the flaw in proof regarding the substantive money-laundering charge was the failure of the government to prove that the defendant knew about the specific transaction when the undercover went to the defendant's kiosk. That evidentiary shortcoming identified by the Court (which the government contests) has nothing to do with the remainder of the evidence presented based on the undercover's conversations with the defendant. Those conversations contained admissible and highly probative evidence about the overall money-laundering scheme for which the defendant was convicted in the conspiracy count and which remains undisturbed.[4] Thus, even if the government only proceeded on the conspiracy money-laundering count, the conversation between the defendant and the undercover would have been admissible to prove that charge. Thus, the defendant suffered no prejudice on the remaining counts of conviction because of the Court's decision to grant the Rule 29 on the substantive money laundering count.

---

[4] As already mentioned it was also probative of the § 1960(b)(1)(C) count.

The defendant will no doubt persist that the only money-laundering count was the count involving the undercover. But no matter how hard the defendant may wish that to be the case, it just isn't so. He was convicted of money-laundering conspiracy. The evidence of the statements made to the undercover was admissible to prove the conspiracy-to-launder count which this Court has already sustained. Therefore, this Court should deny the defendant's belated new-trial motion.

                                            Respectfully submitted,

                                            JANE E. YOUNG
                                            United States Attorney

Dated: September 6, 2023                /s/ Seth R. Aframe
                                            Seth R Aframe
                                            Mass. Bar 643288
                                            Assistant United States Attorney
                                            53 Pleasant Street
                                            Concord, New Hampshire 03301
                                            603-225-1552

                                            /s/ John J. Kennedy
                                            John J. Kennedy
                                            Assistant United States Attorney

                                            /s/ Georgiana L. MacDonald
                                            Georgiana L. MacDonald
                                            Assistant United States Attorney