UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * *
*                                           *
*      United States of America             *
*                                           *   No. 1:21-cr-000041
*             v.                            *
*                                           *
*          Ian Freeman                      *
*                                           *
* * * * * * * * * * * * * * * * * * * * * * *
```

## MEMO - THE COURT SHOULD RELEASE IAN FREEMAN PENDING APPEAL TO THE 1ST CIRCUIT

Release of Ian Freeman pending appeal to the 1st Circuit should be ordered by this Court.

He is currently living in Keene, N.H. at a residence that he has lived in for over a decade. The residence has been monitored by law enforcement and is readily visible and accessible by Probation if supervision is warranted. He has been supervised for over two (2) years at that residence without incident.

Freeman is <u>not</u> a flight risk. He surrendered his passport to probation at the start of this case. He has appeared for all proceedings in the past whether they were in State or Federal Court. He has been successfully supervised by U.S. Probation. He has made no attempts to travel without permission of the Court or U.S. Probation.

The appeal is not for the purpose of delay. Valid appellate issues are present as set forth in the defendant's <u>Motion to Dismiss</u> as well as the <u>Defendant's Motion to Reconsider</u>. Additional issues regarding <u>forfeiture</u> may arise during sentencing.

He is not a danger to the community. No individual has ever claimed that Freeman was violent. He does not advocate the violent overthrow of the Government. He has no history of violence. Since his arrest, he has ceased to be engaged in the cryptocurrency transaction culture.

Although the defendant cannot predict the timetable for eventual 1st Circuit closure with regard to his case, it may be substantial.  The question of law for this Circuit is novel (Motion to Dismiss) and the sufficiency of evidence aspect with regard to the tax count is a clear issue.

If the 1st Circuit rules favorably with regard to Freeman's issues, his convictions would be reversed and substantial incarceration, if any, would be significantly impacted.  The Government's conclusion that the jury found that "Freeman knowingly laundered vulnerable people's money" was in fact not a finding. Freeman never engaged in a "knowing act" of "intentionally" harming or taking advantage of "vulnerable individuals."

Therefore, the Court should conclude that his release should be ordered and that he can be monitored efficiently and safely while his appeal is processed in accordance with § 3142 (b) or (c).

Respectfully Submitted,

Dated:  September 6, 2023

/s/ Mark L. Sisti, Esq.
Mark L. Sisti, Esq.
NH Bar No.:  2357
Sisti Law Offices
387 Dover Road
Chichester, NH 03258
(603) 224-4220
info@sistilawoffices.com


/s/ Richard Guerriero, Esq.
Richard Guerriero, Esq.
N.H. Bar ID. 10530
Law Clerk: Oliver Bloom
Lothstein Guerriero, PLLC
Chamberlain Block Building
39 Central Square, Suite 202
Keene, NH 03431
(603) 352-5000
richard@nhdefender.com

**CERTIFICATION**

I hereby certify that on this 6th day of September 2023 that a copy of the foregoing <u>Memo – The Court Should Release Ian Freeman Pending Appeal to the 1st Circuit</u> has been forwarded to Seth Aframe, Esq., Georgiana MacDonald, Esq and John Kennedy, Esq., of the U.S. District Attorney's Office, through the Court's electronic filing system.

<u>/s/ Mark L. Sisti, Esq.</u>
Mark L. Sisti, Esq.