UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket no. 1:21-cr-41-JL |
| ) | |
| IAN FREEMAN ) | |
| ) | |

UNITED STATES' OBJECTION TO MOTION TO RECONSIDER

The defendant asks this Court to reconsider a legal ruling it made in November 2022.[1] This motion is far too late and, in any event, does not establish any of the narrow grounds in which a court can grant reconsideration in a criminal case.

This Court has previously recognized that, while motions to reconsider may be filed in criminal cases, they seek an "extraordinary remedy which must be used sparingly." United States v. Valenzuela, 2015 WL 8483291, at *2 (D.N.H. Dec. 9, 2015).  Such a motion is only appropriate when (1) there is newly discovered evidence; (2) there has been an intervening change in the law; or (3) the original decision was based on a manifest error of law or was clearly unjust. Id. None of these circumstances are present here.

The defendant does not even wrestle with the limitations imposed on motions to reconsider. That alone should be enough to deny the motion since it is the defendant's obligation to show that his motion fits into one of the categories for which reconsideration may be granted. Presumably the defendant takes that tact because there is nothing he can say to meet the standard.

---

[1] The Court noted that its recent oral order merely memorializes the oral order denying the motion to dismiss it issued in November.

The defendant's motion reads as if it is the first draft of his appellate brief on why the § 1960(b)(1)(B) count should have been dismissed. This, of course, isn't the time for appellate briefs. That occurs after this Court pronounces sentence and issues a judgment. The defendant has not identified any controlling (or even any persuasive) caselaw holding that § 1960((b)(1)(B) cannot be applied to a business engaged in money transmission on the ground that "funds" as used in 31 U.S.C. § 5330 does not include bitcoin. The defendant acknowledges that numerous courts have held that § 1960's use of the term funds includes "bitcoin" but claims that the same term should have a different meaning under § 5330.

That argument is far-fetched especially considering that Congress used the term "funds" in both statutes and § 1960 directly cross-references to § 5330. Cf. United States v. Harmon, 474 F. Supp. 3d 76, 101 (D.D.C. 2020) (stating that "court have held that there is virtually no substantive difference, nor did Congress intend there to be a substantive difference, between the terms money transmitting in section 1960 and money transmitting business in section 5330"). Given Harmon and the defendant's failure to identify even a single court that disagrees with it, the defendant at the very best has raised a weak appellate issue about § 1960(b)(1)(B). That is hardly the manifest error of law or clearly unjust result that warrants a motion to reconsider.

Moreover, has become old hat in this litigation, the defendant focuses on § 1960(b)(1)(B) to the exclusion of the other theories of conviction in the case. The defendant was also convicted on § 1960(b)(1)(C), which makes it a crime to operate a money transmitting business that includes the transmission of funds that the defendant knows to be derived from a criminal

offense. That part of the statute does not require federal registration and therefore has nothing to do with the definition of funds as used in § 5330.[2]

This motion is late and does not even try to explain why the arguments presented fit within the narrow parameters for reconsideration. For these reasons, this Court should deny the motion.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: September 7, 2023

/s/ Seth R. Aframe
Seth R Aframe
Mass. Bar 643288
Assistant United States Attorney
53 Pleasant Street
Concord, New Hampshire 03301
603-225-1552


/s/ John J. Kennedy
John J. Kennedy
Assistant United States Attorney


/s/ Georgiana L. MacDonald
Georgiana L. MacDonald
Assistant United States Attorney

---

[2] The defendant also makes an argument that because some portions of the manner of registration are defined by regulation, the Court's conclusion that the requirement to register is set by statute must be wrong. The defendant made this argument at the November hearing on the motion and the Court expressly rejected it in footnote 24 of its written order. That the defendant disagrees with the Court is not a basis for reconsideration.