AO 245B (Rev. 09/19)   Judgment in a Criminal Case
USDC-NH (8/21)   Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Hampshire

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>IAN FREEMAN<br>f/k/a<br>IAN BERNARD | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 21-CR-41-01-JL<br>USM Number: 34755-509<br><br>Mark L. Sisti, Esq., Richard Guerriero, Esq.<br>Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1s, 2s, 28s, 29s-32s of the Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 371 and 1960(a) and (b)(1)(B) | Conspiracy to Operate Unlicensed Money Transmitting Business | 3/15/2021 | 1s |
| 18 U.S.C. §§ 1960(a) and (b)(1)(B) and (C) | Operation of Unlicensed Money Transmitting Business | 3/15/2021 | 2s |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | 3/15/2021 | 28s |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   **Counts 1-20 and Counts 4s, 5s-20s, 22s-24s, 33s are dismissed pursuant to LR 48.1.**
**Count 21s dismissed by order of the court dated 8/22/23.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/2/2023
Date of Imposition of Judgment

_/s/ Joseph N. Laplante_
Signature of Judge

Joseph N. Laplante U.S. District Judge
Name and Title of Judge

10/5/23
Date

DEFENDANT: IAN FREEMAN f/k/a IAN BERNARD
CASE NUMBER: 21-CR-41-01-JL

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7201 | Attempt to Evade or Defeat Tax | 7/15/2020 | 29s-32s |

AO 245B (Rev. 09/19) Judgment in Criminal Case
USDC-NH (8/21)      Sheet 2 — Imprisonment

Judgment — Page __3__ of __9__

DEFENDANT: IAN FREEMAN f/k/a IAN BERNARD
CASE NUMBER: 21-CR-41-01-JL

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Ninety-six (96) months. This term consists of a term of 60 months on Counts 1s, 2s, and 29s through 32s, and a term of 96 months on Count 28s, to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant participate in substance abuse treatment while in Bureau of Prisons' custody.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
USDC-NH (8/21)   Sheet 3 — Supervised Release

Judgment—Page __4__ of __9__

DEFENDANT:  IAN FREEMAN f/k/a IAN BERNARD
CASE NUMBER:  21-CR-41-01-JL

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Two (2) years. This term consists of terms of 2 years on Counts 1s, 2s, and 28s through 32s, such terms to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
USDC-NH (8/21)   Sheet 3A — Supervised Release

Judgment—Page 5 of 9

DEFENDANT: IAN FREEMAN f/k/a IAN BERNARD
CASE NUMBER: 21-CR-41-01-JL

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: IAN FREEMAN f/k/a IAN BERNARD
CASE NUMBER: 21-CR-41-01-JL

# SPECIAL CONDITIONS OF SUPERVISION

Substance Abuse Treatment, Testing, Abstinence

1. You must participate in a substance use treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay for the cost of treatment to the extent you are able, as determined by the probation officer.

2. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

3. You must submit to substance abuse testing to determine if you have used a prohibited substance. You shall pay for the cost of testing to the extent you are able, as determined by the probation officer. You must not attempt to obstruct or tamper with the testing methods.

4. You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer.

Financial Requirements and Restrictions

5. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the Financial Litigation Unit of the U.S. Attorney's Office.

6. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

7. If the Judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

8. During the period of supervised release or probation, unless you have already done must, within six months of sentencing or release, whichever is later:

    (i) Cooperate with the Examination and Collection Division of the IRS;
    (ii) Provide to the Examination Division all financial information necessary to determine your tax liabilities;
    (iii) Provide to the Collection Division all financial information necessary to determine your ability to pay restitution; and
    (iv) Make a good faith effort to pay all delinquent and additional taxes, interest, and penalties, including the $281,588.69 tax loss associated with this case.

Employment Restrictions

9. You must not operate any money service business and/or cryptocurrency business or establish any new business or charitable organization without the prior approval of the probation officer.

Place Restrictions

10. You must not go to, or remain at, any place where you know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.

DEFENDANT:  IAN FREEMAN f/k/a IAN BERNARD
CASE NUMBER:  21-CR-41-01-JL

# SPECIAL CONDITIONS OF SUPERVISION

Search and Seizure

11. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030 (e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: IAN FREEMAN f/k/a IAN BERNARD
CASE NUMBER: 21-CR-41-01-JL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 700.00 | $ | $ 10,000.00 | $ | $ |

☑ The determination of restitution is deferred until _further hearing_. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☑ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: IAN FREEMAN f/k/a IAN BERNARD
CASE NUMBER: 21-CR-41-01-JL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☒ Lump sum payment of $ 700.00   due immediately.

    ☐ not later than _____ , or
    ☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☒ Special instructions regarding the payment of criminal monetary penalties:
     It is ordered that the defendant shall pay to the United States a fine of $10,000.00, which is due within 60 days of sentencing.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, N.H. 03301. Personal checks are not accepted.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
    Forfeiture is ordered, however, it is deferred until further hearing.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.