UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | )  Court No. 1:21-cr-00041-JL |
| | ) |
| Ian Freeman, | ) |
| Defendant | ) |
| | ) |

GOVERNMENT'S MOTION IN SUPPORT OF RESTITUTION

At the defendant's sentencing hearing, the Court ordered the defendant to pay both forfeiture and restitution to his victims, but deferred determination of the quantities of each. The parties have fully briefed the forfeiture issue and the government is prepared to present arguments, and to the extent necessary, evidence to support the forfeiture. *See* ECF Nos. 329, 344. But, in this dual-purpose hearing, it is important to recognize that forfeiture and restitution are distinct concepts in criminal law, which serve different purposes and functions. *See e.g. United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014) (full discussion of the law).  It is entirely reasonable to expect that the restitution amount in this case will differ from the forfeiture amount.  Restitution serves as the mechanism to make victims whole, *see United States v. Salas-Fernandez*, 620 F.3d 45, 48 (1st Cir. 2010), while forfeiture constitutes a punishment, *United States v. Bajakajian*, 524 U.S. 321, 328 (1998).  Restitution responds to harms caused to identifiable victims, while forfeiture in this case applies to all property involved in the defendant's money laundering and unlicensed money transmitting business offenses.  The government expects, and the law supports, that the amount of forfeiture will exceed the amount of restitution ordered in this case.

1

## THE DEFENDANT MUST PAY FULL RESTITUTION TO HIS VICTIMS

The government maintains the position that the defendant is liable for restitution for all losses caused by his laundering of fraud proceeds. The Court found that Freeman's business of converting fraud proceeds into bitcoin directly and proximately harmed the victims by making the victims' property more difficult to find. Sentencing Trans. 10/2/23, pp. 22-24. This harm is compensable under the MVRA. *United States v. Paradis*, 219 F.3d 22, 25 (1st Cir. 2000). The First Circuit has held that "[a] defendant in a conspiracy is liable for all the reasonably foreseeable loss caused to victims of the conspiracy." *United States v. Collins*, 209 F.3d 1, 4 (1st Cir. 1999). This does not require that the harm be an aim of the conspiracy, but rather just that the harm was reasonably foreseeable in the course of the conspiracy. *See United States v. Solís-Vásquez*, 10 F.4th 59, 63-64 (1st Cir. 2021).

Here, the jury found that Freeman operated a money laundering business set up to conceal the location of fraud proceeds. His business was designed to knowingly accept the proceeds of scams without asking questions and then conceal the location of those proceeds by converting them to bitcoin. It is of course reasonably foreseeable that conducting this business would cause harm to the very people whose money Freeman was working to make it difficult to find. The Court need not find that Freeman had specific knowledge of the fraudulent nature of each transaction to be liable for restitution. This would run contrary to the Circuit law on reasonable foreseeability in restitution for conspiracies as well as produce the absurd result, that a defendant could avoid restitution by setting up a money laundering business that avoids learning anything about the specific nature of the individual transactions that the business conducts.

Nevertheless, the Court has indicated that it would like evidence presented at the upcoming hearing showing that the defendant was on notice that specific transactions involved fraud proceeds. The government is prepared to present such evidence with respect to many of the victims, but

recognizes that under the Court's expressed standard, there are some victims for whom the government does not have this explicit evidence. As discussed, since the defendant specifically set up his business to launder money while avoiding learning the reason his "customers" wanted to buy bitcoin, these victims are still entitled to restitution under the MVRA. As such, the government is presenting the victims in two groups: the first group includes those victims for which the defendant ignored obvious red flags indicating they were victims of fraud and scams; the second group contains those victims who were likewise scam victims, but for whom the government cannot prove Freeman's knowledge of the scam. The government is seeking restitution for 24 victims in the first group and 7 in the second.

The First Circuit has cautioned that "hearings to quantify restitution amounts should not be allowed to spawn mini-trials." *United States v. Simon*, 12 F.4th 1, 64 (1st Cir. 2021). This Court "is not expected to undertake a full-blown trial," in order to arrive at an appropriate restitution amount. *United States v. Naphaeng*, 906 F.3d 173, 179 (1st Cir. 2018). Nor is the Court held "to a standard of absolute precision when fashioning restitution orders." *Simon*, 12 F.4th at 64. Rather, "a restitution award requires only a modicum of reliable evidence." *Naphaeng*, 906 F.3d at 179.

Consistent with these principles, the government intends to present the testimony of the lead FBI agent, Kendall McBrearty, with respect to the details of each victim's restitution claim. The government has provided all supporting documentation with respect to these claims in its exhibits. It has also provided a written summary of the evidence proving Freeman's knowledge of the 24 victims' frauds, attached as Government's Exhibit 001. These exhibits will be filed under seal to protect victim privacy. To the extent that the Court requires additional testimony from individual victims themselves, pursuant to 18 U.S.C. § 3664(d)(4), the Court can require such testimony. The

statute explicitly states, however, that "the privacy of any records filed, or testimony heard pursuant to this section shall be maintained to the greatest extent possible." *Id.*

Finally, the Court indicated an interest in evidence which established the amount of any commission the defendant earned on each specific transaction. The government is prepared to present such evidence but maintains that regardless of the amount of his commission, the defendant is responsible for the full amount of restitution owed to each victim. 18 U.S.C. § 3664(f)(1)(A) requires the Court to order restitution "to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."

While the statute does contain a provision permitting the Court discretion to order joint and several liability or apportion liability, this provision only applies "[i]f the court finds that more than 1 <u>defendant</u> has contributed to the loss of a victim." *See* 18 U.S.C. § 3664(h) (emphasis added). Since the defendant is the only defendant that was convicted of the conspiracy to commit money laundering, this provision does not apply. *See e.g. United States v. McGlown*, 380 Fed. Appx. 487, 491 (6th Cir. 2010) (Section 3664(h) does not apply where the defendant was the only person charged in the indictment); *cf. Paroline v. United States*, 572 U.S. 434, 459 (2014) (noting that a district court is expressly authorized to exercise discretion in apportioning restitution "where multiple defendants who have contributed to the loss of a victim appear before it.").

This restriction of course makes sense. If restitution could be apportioned where only one defendant is before the court, the victim would end up with an order for less than the full amount of their losses. Consistent with the First Circuit's recognition that, "the principal goal of restitution is to make the victim whole again," *United States v. Carrasquillo-Vilches*, 33 F.4th 36, 46 (1st Cir. 2022), the Court must order the defendant to pay restitution in "the full amount of each victim's losses," 18 U.S.C. 3664(f)(1)(A).

CONCLUSION

The government, therefore, requests that the Court order full restitution to the victims of Freeman's money laundering offense.

Date: November 22, 2023

Respectfully submitted,

JANE E. YOUNG
UNITED STATES ATTORNEY

By:   */s/ Georgiana L. MacDonald*
Georgiana L. MacDonald
Assistant United States Attorney
MA Bar # 685375
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
(603) 225-1552
Georgiana.MacDonald@usdoj.gov


*/s/ John J. Kennedy*
John J. Kennedy
Assistant United States Attorney
NH Bar #19557
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
(603) 225-1552
John.Kennedy2@usdoj.gov