**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 1:21-cr-41-JL** |
| | ) | |
| **IAN FREEMAN** | ) | |
| _____ | ) | |

<u>**ASSENTED-TO MOTION FOR INTERLOCUTORY SALE OF CRYPTOCURRENCY**</u>

Pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure incorporating Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure, the United States of America respectfully moves this Court to enter an order authorizing the interlocutory sale of certain cryptocurrency seized from the Defendant so that the cryptocurrency can be converted to U.S. dollars and held in the custody of the United States Department of Justice, pending resolution of this criminal forfeiture case.

1.      On April 25, 2022, a federal grand jury returned a Superseding Indictment charging the Defendant, and others, with, *inter alia*, Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960 (Count Two), and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count Twenty-Eight).

2.      The Forfeiture Allegations of the Superseding Indictment seek the forfeiture of, *inter alia*, (1) (21-FBI-004556) 6.124429323 BTC, seized from Ian Freeman; (2) (21-FBI-005719) .99909638 BTC from physical '1 BTC' Casascius Bitcoin seized from Ian Freeman's safe; and (3) (21-FBI-005722) 99.99765508 BTC from physical '100 BTC' Casascius Bitcoin seized from Ian Freeman's safe (collectively "the Bitcoin"), pursuant to 18 U.S.C. § 982.

3.      The Bitcoin is currently located in a Bitcoin wallet controlled by the United States Marshals Service.

4.      The United States and the Defendant stipulate that the only claimants to the above referenced Bitcoin are the Defendant and Bonnie Kruse, who filed a claim on behalf of the Shire Free

Church.  No other claimants exist as to the above-referenced Bitcoin.  Ms. Kruse and the Shire Free Church have agreed to sign a waiver that expressly withdraws any claim to the Bitcoin and waives any future claims to the Bitcoin.

5.      The Court has the authority to order the interlocutory sale through both statute and court rule.  21 U.S.C. § 853(e)(1), incorporated by 18 U.S.C. § 982(b)(1), provides that, "[u]pon application of the United States, the court may . . . take any other action to preserve the availability of property . . . for forfeiture."  Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure provides that, "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."  Supplemental Rule G(7) provides that, "[o]n motion by a party or a person having custody of the property, the court may order all or part of the property sold if [] the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action."

6.      In the context of cryptocurrency, deterioration equates to the risk that the cryptocurrency will decline in value relative to a fiat currency, such as the United States dollar.  As an example of the volatility over the course of time, on March 16, 2021, when the Bitcoin was seized pursuant to a federal search warrant, the price of Bitcoin closed at approximately $56,804.  On December 22, 2022, the date that the jury returned its guilty verdicts, the price of Bitcoin closed at approximately $16,830.  On October 2, 2023, the date that the Court sentenced the Defendant, the price of Bitcoin closed at approximately $27,530.  Today, the price of Bitcoin is approximately $43,085.  During the pendency of this action, the price of Bitcoin has closed as high as $68,789 and as low as $15,559.

7.      Accordingly, the Court should authorize the interlocutory sale of the Bitcoin, currently in the possession of the United States, to preserve and avoid further decline or "deterioration" in its value.

8.      The parties agree that the interlocutory sale of the Bitcoin will take place on the following terms:

        a.      The United States will sell the Bitcoin via the United States Marshals Service, a United States agency that has authority to sell the property, and its contractors.

b.      The United States will have sole discretion to determine exactly when and how it liquidates the Bitcoin and exchanges it for U.S. dollars.

c.      However, the United States will endeavor in good faith to obtain a reasonable exchange rate and to incur reasonable sales/conversion fees in the course of liquidating the Bitcoin.

d.      The United States may immediately deduct any fees, commissions, and expenses of sale or conversion of the Bitcoin from the proceeds of the sale or conversion.

e.      The United States, in attempting to liquidate the Bitcoin at market value, may elect to engage in multiple separate transactions at separate prices and with separate fees and/or expenses.

f.      The United States will maintain records of each sale transaction that it conducts in connection with liquidating the Bitcoin and exchanging it for U.S. dollars, including: the time of the transaction, the exchange rate, any fees or costs incurred, and the net proceeds of liquidation.  The United States will provide this information to counsel for the Defendant within fourteen days of fully completing the liquidation and exchange transactions.

g.      The net proceeds of liquidation of the Bitcoin will be the gross proceeds less the actual costs, fees, and expenses that the United States incurs in liquidating the Bitcoin.

h.      The United States will sell the Bitcoin according to the procedures set forth in the Court's Order and not the different procedures set forth in Title 28, United States Code, Sections 2001, 2002, and 2004.

i.      The net proceeds of the liquidation of the Bitcoin will be held in the custody of the United States as a substitute res ("Substitute Res") instead of and in place of the Bitcoin, for all purposes, including future forfeiture proceedings in this case.  The United States and the Defendant, and any other claimant who makes a viable claim, will each have the same claims and defenses to the Substitute Res that each now has as to the Bitcoin.

j.      Any and all claims, known and unknown, that the United States, Defendant, and any other claimant making a valid claim has as to the Bitcoin will be transferred to the Substitute Res and will not exist in the Bitcoin after the sale pursuant to the Court's Order. The buyer of the Bitcoin will take

3

title free and clear of all claims of the United States, Defendant, and any other claimant making a valid claim as to the Bitcoin in this case.

WHEREFORE, the United States respectfully moves this Court to enter an Order pursuant to 21 U.S.C. § 853(e)(1)(A), incorporated by 18 U.S.C. § 982(b)(1), and by Supplemental Rule G(7) of the Federal Rules of Civil Procedure, incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, authorizing the interlocutory sale of the Bitcoin.  A proposed Order is submitted for the consideration by the Court.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: January 16, 2024

/s/ Georgiana L. MacDonald
Georgiana L. MacDonald
Assistant United States Attorney
53 Pleasant Street
Concord, New Hampshire 03301
603-225-1552

/s/ John J. Kennedy
John J. Kennedy
Assistant United States Attorney