**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 1:21-cr-41-JL** |
| | **)** | |
| **IAN FREEMAN** | **)** | |
| | **)** | |

**ORDER FOR INTERLOCUTORY SALE**

Upon consideration of the United States' Assented-to Motion for Interlocutory Sale of Cryptocurrency, the Court finds that the United States, which has custody of (1)(21-FBI-004556) 6.124429323 BTC, seized from Ian Freeman; (2) (21-FBI-005719) .99909638 BTC from physical '1 BTC' Casascius Bitcoin seized from Ian Freeman's safe; and (3) (21-FBI-005722) 99.99765508 BTC from physical '100 BTC' Casascius Bitcoin seized from Ian Freeman's safe (collectively "the Bitcoin"), has established that the Bitcoin is at risk of deterioration in value relative to the United States dollar and has otherwise established good cause for the interlocutory sale of the Bitcoin under 21 U.S.C. § 853(e)(1)(A), incorporated by 18 U.S.C. § 982(b)(1), and by Supplemental Rule G(7) of the Federal Rules of Civil Procedure, incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure.

Accordingly, IT IS HEREBY ORDERED that the United States' Assented-to Motion for Interlocutory Sale of Cryptocurrency, is GRANTED.

IT IS FURTHER ORDERED THAT, to preserve the value of the Bitcoin, the United States is authorized to liquidate the Bitcoin and exchange for U.S. dollars to be held in the United States Department of Justice's Seized Asset Deposit Fund pending resolution of the criminal case.

IT IS FURTHER ORDERED THAT THE United States is authorized to conduct the

interlocutory sale in accordance with the terms set forth below, which terms are fully consistent with those set forth in paragraphs 8(a)-(j) of the Assented-to Motion for Interlocutory Sale of Cryptocurrency, and which terms the Court finds to be reasonable and which terms the Court hereby approves and adopts.  Accordingly,

IT IS FURTHER ORDERED THAT:

1.	The United States shall sell the Bitcoin via the United States Marshals Service, a United States agency that has authority to sell the property, and its contractors.

2.	The United States shall have sole discretion to determine exactly when and how it liquidates the Bitcoin and exchanges it for U.S. dollars.

3.	However, the United States shall endeavor in good faith to obtain a reasonable exchange rate and to incur reasonable sales/conversion fees in the course of liquidating the Bitcoin.

4.	The United States may immediately deduct any fees, commissions, and expenses of sale or conversion of the Bitcoin from the proceeds of the sale or conversion.

5.	The United States, in attempting to liquidate the Bitcoin at market value, may elect to engage in multiple separate transactions at separate prices and with separate fees and/or expenses.

6.	The United States shall maintain records of each sale transaction that it conducts in connection with liquidating the Bitcoin and exchanging it for U.S. dollars, including: the time of the transaction, the exchange rate, any fees or costs incurred, and the net proceeds of liquidation.  The United States shall provide this information to counsel for the Defendant within fourteen days of fully completing the liquidation and exchange transactions.

7.	The net proceeds of liquidation of the Bitcoin shall be the gross proceeds less the actual costs, fees, and expenses that the United States incurs in liquidating the Bitcoin.

8.	The United States will sell the Bitcoin according to the procedures set forth in the Court's Order and not the different procedures set forth in Title 28, United States Code, Sections 2001, 2002, and 2004.

9.      The net proceeds of the liquidation of the Bitcoin shall be held in the custody of the United States as a substitute res ("Substitute Res") instead of and in place of the Bitcoin, for all purposes, including future forfeiture proceedings in this case.  The United States and the Defendant, and any other claimant who makes a viable claim, shall each have the same claims and defenses to the substitute res that each now has as to the Bitcoin.

10.     Any and all claims, known and unknown, that the United States, Defendant, and any other claimant making a valid claim has as to the Bitcoin will be transferred to the Substitute Res and shall not exist in the Bitcoin after the sale pursuant to the Court's Order. The buyer of the Bitcoin shall take title free and clear of all claims of the United States, Defendant, and any other claimant making a valid claim as to the Bitcoin in this case.

IT IS SO ORDERED.

Dated: __1/16/2024_____

_____
Hon. Joseph N. Laplante
United State District Judge

3