UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | No. 1:21-cr-00041-JL |
| ) | |
| **IAN FREEMAN** ) | |

### JOINT ASSENTED-TO MOTION FOR ISSUANCE OF AMENDED JUDGMENT RE: RESTITUTION AND FORFEITURE

The United States, with the assent of the defendant, by and through his counsel, Richard Guerriero, Esq., and Mark Sisti, Esq., respectfully requests that an Amended Judgment be issued to include restitution for victims in this case, and forfeiture, as set out below.

Pursuant to 18 U.S.C. § 3664(d)(5), at the time of sentencing, the determination of the amount of restitution was deferred. The Court also deferred the determination of the amount of forfeiture in the case. The government provided defense counsel with claims for restitution, and supporting materials for those claims. Defense counsel and the government have reached a negotiated resolution whereby the defendant has agreed to pay restitution as described below and has also agreed to the forfeiture of all remaining assets seized from him during the investigation of this case (as detailed in the motion for preliminary order of forfeiture filed this date). The government has agreed that this will satisfy the defendant's forfeiture obligation and that the government will not seek an additional money judgment. The government has also agreed to use the seized assets to satisfy the defendant's restitution obligations, as set forth below.

The government agrees that the settlements reached below fully satisfy the defendant's restitution obligation in this case.

WHEREFORE, the government, with the assent of the defendant through counsel, respectfully requests that an Amended Judgment be issued, ordering restitution in the amount of $3,502,708.59, due and payable immediately, as follows:[1]

a. In the amount of $230,000 to K.M.

b. In the amount of $92,000 to M.A.

c. In the amount of $755,000 to D.V.

d. In the amount of $45,000 to R.A.

e. In the amount of $40,750 to S.J.

f. In the amount of $31,000 to J.S.

g. In the amount of $67,000 to J.R.

h. In the amount of $2,700 to S.W.

i. In the amount of $811,624 to H.J.

j. In the amount of $12,400 to J.B.

k. In the amount of $28,000 to D.W.

l. In the amount of $68,000 to S.K.

m. In the amount of $343,250 to R.S.

n. In the amount of $281,900 to P.B.

o. In the amount of $11,200 to L.Ba.

p. In the amount of $36,450 to L.Be.

q. In the amount of $31,100 to L.G.

r. In the amount of $2,600 to C.J.

---

[1] A proposed order which includes the full names of victims as well as payment instructions will be filed under seal.

s. In the amount of $32,000 to J.C.

t. In the amount of $151,400 to S.L.

u. In the amount of $39,000 to C.M.

v. In the amount of $20,000 to D.Z.

w. In the amount of $12,356 to B.D.

x. In the amount of $3,680 to D.B.

y. In the amount of $56,000 to G.G.

z. In the amount of $7,850 to J.T.

aa. In the amount of $5,860 to M.G.

bb. In the amount of $3,000 to T.A.

cc. In the amount of $281,588.69, made payable to the Internal Revenue Service.

The parties request that the Court order that $3,502,708.59 currently in the custody of the United States Marshals Service as part of Asset ID # 21-FBI-005722 be paid to the Clerk of Court for the District of New Hampshire to be used to satisfy the restitution order. The parties request that the Court order the Clerk of Court to distribute the funds to the victims enumerated herein.

The parties request that the judgement reflect that this restitution order is final and represents the final determination of restitution owed to any person or organization. Upon payment, the defendant's restitution obligation will be completely satisfied.

The parties also agree that the payment to the Internal Revenue Service will fully satisfy Special Condition of Supervision 8(iv).

The parties agree that this settlement shall not constitute an admission of wrong-doing by the defendant and that it shall not in any way prejudice his appeal of his convictions and sentence.

The defendant nevertheless agrees that the forfeiture and restitution orders will be final and waives all rights to appeal the restitution and forfeiture orders. Even if the defendant succeeds on any appeal of his underlying convictions, he will not seek the return of any of the forfeited assets and will not seek to set aside the restitution order.

                                                JANE E. YOUNG
                                                United States Attorney

Date: February 2, 2024                 By: /s/ John J. Kennedy
                                                Assistant U.S. Attorney
                                                NH Bar # 19557
                                                53 Pleasant Street, 4th Floor
                                                Concord, New Hampshire 03301
                                                (603) 225-1552
                                                john.kennedy2@usdoj.gov

                                                /s/ Georgiana L. MacDonald
                                                Georgiana L. MacDonald
                                                Assistant U.S. Attorney
                                                MA Bar # 685375
                                                53 Pleasant Street, 4th Floor
                                                Concord, New Hampshire 03301